Strafford
No. 80-189

ROBBINS AUTO PARTS, INC.

v.

GRANITE STATE INSURANCE COMPANY

September 16, 1981

*Devine, Millimet, Stahl & Branch*, of Manchester (*E. Donald Dufresne* and *Lee C. Nyquist* on the brief, and *Mr. Nyquist* orally), for the plaintiff.

*Kearns & Colliander*, of Exeter (*Peter F. Kearns* on the brief and orally), for the defendant.

*O'Neill, Backus & Spielman*, of Manchester (*Elizabeth Cazden* on the brief and orally), for the intervenor Hanover Insurance Company.

BROCK, J. This is a petition for declaratory judgment (RSA 491:22) brought by the plaintiff, Robbins Auto Parts, Inc., to determine the extent of its insurance coverage under a policy issued to it by the defendant, Granite State Insurance Company. The issue on appeal is whether the policy provides products liability insurance coverage for the plaintiff's numerous retail stores throughout the State, including its Dover store, or only for the store located in Hampton. The Superior Court (*Mullavey*, J.) ruled that the coverage provided under the policy was not limited to the store located in Hampton and covered the Dover store. The defendant appealed to this court. For the reasons that follow, we reverse.

The accident giving rise to this petition occurred on August 6, 1975, when a barrel of methanol exploded, injuring one person and killing another. For purposes of this appeal, the parties have agreed that the methanol was sold by Robbins Auto Parts, Inc., at its Dover store, not its Hampton store.

At the time of the accident, the plaintiff operated a number of retail auto parts stores located throughout the State. Some time prior to the accident, Sidney Robbins, an officer of the plaintiff corporation, contacted the Ben Orcutt Insurance Agency in Dover concerning the acquisition of products liability insurance. According to the testimony of Sidney Robbins, he requested Mr. Orcutt to place $1,000,000 worth of coverage onto the corporation's "blanket policy." Apparently, no such blanket policy existed at that time because it was the practice of the Ben Orcutt Insurance Agency to place the insurance coverage for the plaintiff with several different companies. As a result of this practice, and the plaintiff's desire to have $1,000,000 in products liability coverage, the plain-

tiff received a number of insurance policies from different companies which provided varying amounts of products liability coverage to the plaintiff. The record before us indicates that a number of these companies, with coverage totalling approximately $700,000, have agreed that their policies provide coverage for the underlying claims. The defendant, Granite State Insurance Company, denies that its policy provides any coverage for the underlying claims.

On the declarations page of the policy in question, there is an item set forth as "1. Named Insured and P.O. Address." Under the space provided, the following appears:

"Robbins Realty, Inc. & Robbins Auto Parts, Inc.
110 Washington St.
Dover, N.H."

Another item on the page is set forth as:

"Item 4. Location of premises: (Enter 'same' if same location as above)."

In the space provided under that item, the following appears:

"No. 1 733 Lafayette Rd. Hampton, N.H."

Under coverage "C" of the policy, a total of $1,000,000 coverage is provided for bodily injury liability. The policy grants liability protection under section "C" in the following language:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage . . . caused by an occurrence and arising out of the ownership, maintenance or use *of the insured premises* and all operations necessary or incidental to the business of the named insured *conducted at or from the insured premises. . . .*"

(Emphasis added.) A list of exclusions then follows this description of coverage, none of which is pertinent to this case.

■ ■ In interpreting an insurance policy, we are cognizant that the burden of establishing non-coverage is upon the insurer, *Olszak v. Peerless Ins. Co.*, 119 N.H. 686, 691, 406 A.2d 711, 715 (1979); RSA 491:22(a) (Supp. 1979), and that any ambiguities in the language of the policy will be "construed in favor of the insured and against the insurer." *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771–72, 423 A.2d 980, 985 (1980).

■ ■ Where the terms of the policy are clear and unambigu-

ous, *see Continental Ins. Co. v. Seppala & Aho Const. Co., Inc.*, 121 N.H. 374, 431 A.2d 157 (1981), an insured may not reasonably expect coverage unless "the parties' prior dealings would lead the insured to form a reasonable belief that the policy provided him the claimed coverage," *Grimes v. Concord Gen'l Mut. Ins. Co.*, 120 N.H. 718, 722, 422 A.2d 1312, 1315 (1980); *Karol v. New Hampshire Insurance Co.*, 120 N.H. 287, 290, 414 A.2d 939, 941 (1980), or unless the insured's "reliance on the [insurer's] agent's assurances was reasonable" so as to estop the company from denying coverage, *Lariviere v. New Hampshire Ins. Group*, 120 N.H. 168, 172, 413 A.2d 309, 312 (1980); *Olszak v. Peerless Ins. Co.*, 119 N.H. 686, 690–91, 406 A.2d 711, 714 (1979).

Upon reading the document at issue here, we conclude that the express language of the policy does not afford coverage. The specific grant of coverage under the bodily injury section of the policy (section "C") clearly limits the defendant's duty to provide coverage only to "operations necessary or incidental to the business of the *named insured conducted at or from the insured premises.*" (Emphasis added.) While the declarations page of the policy clearly includes the plaintiff, Robbins Auto Parts, Inc., as the *named insured*, it also just as clearly describes the *premises* as the store located at Hampton. Under the space provided for "Location of premises," there is room for the entry of three separate locations but only that of the Hampton store appears. Because it has been stipulated that the bodily injury complained of in the underlying actions resulted from a business transaction of the insured conducted at the Dover store, and not the Hampton store, the express provisions of the policy do not provide coverage.

The plaintiff argues, however, that because of an ambiguity appearing on the declarations page of the policy the impression is created that the Dover store, in addition to the Hampton store, is also provided products liability coverage under the policy. First, the plaintiff points out that under the heading of "1. Named Insured and P.O. Address," the plaintiff's corporate name appears along with the address of its headquarters, "110 Washington St., Dover, N.H." This is the same address as that of its Dover store, the one that allegedly sold the methanol to the City of Rochester. The plaintiff next points out that "Item 5" on the declarations page provides, "[i]nsurance is provided with respect to those *premises described above.*" (Emphasis added.) Because the address of the Dover store is listed above in Item 1, the plaintiff argues that an ambiguity exists as to whether the Dover store is one of the "premises described above. . . . " We disagree.

■ ■ While this court will resolve ambiguities in an insurance policy in favor of the insured, *Trombly v. Blue Cross/Blue Shield*, 120 N.H. at 771, 423 A.2d at 985, we will "not force an ambiguity in order to resolve it against an insurer." *See Security Mut. Cas. Co. v. Century Cas. Co.*, 531 F.2d 974, 976 (10th Cir.), *cert. denied*, 429 U.S. 860 (1976). The ambiguity rule which we adopted in *Trombly* will not be applied so as to create coverage where it is clear that none is intended. In determining whether an ambiguity exists, we will look to the claimed ambiguity, consider it in its appropriate context, and construe the words used according to their plain, ordinary, and popular definitions. *See Calcasieu-Marine Nat. Bank, Etc. v. Am. Emp. Ins.*, 533 F.2d 290, 295 (5th Cir.), *cert. denied sub nom. Louisiana Bank & Trust Co. v. Employers Liab. Assurance Corp.*, 429 U.S. 922 (1976).

The sole reference to the plaintiff's Dover store that appears on the declarations page is under the heading "1. Named Insured and *P.O. Address*." (Emphasis added.) It is apparent on its face that this is intended to refer only to the mailing address of the named insured, the place where its policy, bills and other correspondence are to be mailed. This becomes even clearer when Item 1 is read in conjunction with Item 4, which reads: "Location of premises: (Enter 'same' if same location as above) Occupancy of Premises." While lines are provided for the locations of three *premises* under Item 4, only the location of the insured's Hampton store is listed. The "occupancy" of the described *premises* is listed as "Auto Parts Store," in the singular. No other premises are listed under Item 4, the word "same" does not appear, and no additional description of "occupancy" appears.

Further, the next section, "Item 5," provides that "[i]nsurance is provided with respect to those premises described above . . . ." Under these circumstances, we find no ambiguity and hold that the policy's declarations page clearly limits insurance coverage to those "premises" described under Item 4, "Location of premises." Because the insured's Hampton store is the only one described under Item 4, insurance coverage under the policy applies only to it.

■ The record before us in this case does not support a finding that either the parties' prior dealings with each other or the plaintiff's reasonable reliance on assurances of the insurer's agent would warrant coverage and we therefore hold that the policy does not provide coverage for the underlying claims.

Our holding in this case renders the intervenor Hanover Insur-

ance Company's argument on whether the policy provides primary or secondary coverage moot.

*Reversed.*

BATCHELDER, J., did not sit; the others concurred.