Sullivan
No. 80-308

HANOVER INSURANCE COMPANY

v.

PAUL L. RANSOM & a.

July 7, 1982

610

*O'Neill & Backus*, of Manchester (*Elizabeth Cazden* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Robert Upton, II*, on the brief and orally), for the intervenors, Scott Stowell and Norman Stowell.

*Paul L. Ransom* of Claremont, pro se, filed no brief.

BROCK, J. The plaintiff Hanover Insurance Company filed a petition for declaratory judgment to determine coverage under a homeowner's policy which it had issued to the defendant Paul L. Ransom. The Trial Court (*Johnson*, J.) approved the Master's (*Roger G. Burlingame*, Esq.) recommendation that the plaintiff be required to provide coverage for bodily injury to the intervenor Scott Stowell, who was injured while mowing a lawn in the course of his employment by the defendant's son, Chris Ransom. We reverse.

The principal issues on appeal are: (1) whether the lawn care enterprise of the defendant's minor son was excluded from coverage as a *business pursuit*, within the meaning of the policy and (2) whether the policy covered a negligence action against the defendant for the injuries caused by his son's activities.

During the summer of 1976, Chris Ransom, then fifteen years old, and Scott Stowell were engaged in a lawn care enterprise known as "Chris's Lawn Care Service." The diocese of Manchester had hired "Chris's Lawn Care Service" to mow the lawn of its Claremont property. While using a riding power lawnmower, Scott was seriously injured.

Scott Stowell initially sought workmen's compensation benefits. After a hearing, the labor commissioner determined that Chris Ransom was an employer, subject to the workmen's compensation act. Because he did not have workmen's compensation coverage, the

compensation carrier for the diocese was ordered to pay benefits to Scott. The diocese appealed the labor commissioner's decision to the superior court, but the appeal was not pursued to its conclusion as the parties agreed upon a settlement. Scott Stowell and his father subsequently brought an action against the defendant, alleging that he negligently failed to control his son in the operation of a dangerous activity. The plaintiff then filed its petition for declaratory judgment and the Stowells intervened. The trial court determined that Chris Ransom's lawn care enterprise was not a "business pursuit" which was excluded from coverage under the policy, and that the plaintiff was obligated to provide coverage. The plaintiff appeals.

The record reveals that the defendant's son had been operating his lawn care enterprise for a number of years. During the summer of 1976, he devoted approximately twenty to twenty-five hours per week to the enterprise. He sought customers by advertising in the local newspaper. Under a loan agreement with his father, he was able to purchase several pieces of lawn maintenance equipment, at a total cost of approximately $1,500. He used the equipment exclusively in his enterprise and he rented storage space to store his equipment. During the summer of 1976, he employed his classmate, Scott Stowell, whom he paid from the proceeds of the enterprise.

The relevant provisions of the homeowner's policy issued to the defendant read as follows:

> *"Coverage E—Personal liability:* This company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of bodily injury to which the insurance applies, caused by an occurrence.
>
> . . . .
>
> *Exclusion 1.d.:* Under Coverage E—Personal liability . . . policy does not apply to bodily injury . . . *arising out of business pursuits of any insured. . . ."*

(Emphasis added.) The term "business" was defined in the policy as a "trade, profession or occupation." The "insured" included the named insured, and his spouse and relatives, if members of the insured's household. The homeowner's policy also included coverage for all injuries arising out of the use of motorized maintenance equipment. This coverage applied while the equipment was being used on or away from the premises.

■■ The term "business pursuit" as used in the exclusionary clause is clear and unambiguous and must be given its natural and

ordinary meaning. *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 770, 423 A.2d 980, 984 (1980); *see Exeter Banking Co. v. N.H. Ins. Co.*, 121 N.H. 1083, 1086, 438 A.2d 310, 313 (1981). Because Chris's lawn care service was clearly a "trade, profession or occupation," the injury sustained by his employee, Scott Stowell, was excluded from coverage under the defendant's homeowner's policy.

■ The defendant argues that he expected his son's lawn-mowing activity to be covered under the policy provision which provides coverage for "motorized maintenance equipment . . . while the equipment is being used . . . away from the premises." When the policy is read in its entirety, however, *Exeter Banking Co. v. N.H. Ins. Co.*, 121 N.H. at 1086, 438 A.2d at 313, it is clear that the business pursuit exclusion applies to all personal liability actions, including injuries incident to the use of motorized maintenance equipment.

■ We have stated that:

"Where the terms of the policy are clear and unambiguous, an insured may not reasonably expect coverage unless 'the parties' prior dealings would lead the insured to form a reasonable belief that the policy provided him the claimed coverage,' or unless the insured's 'reliance on the [insurer's] agent's assurances was reasonable' so as to estop the company from denying coverage."

(Citations omitted.) *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 762-63, 435 A.2d 507, 509 (1981). The record before us does not support a finding that either the parties' prior dealings with each other, or the defendant's reasonable reliance on assurances of the insurer, created an expectation of coverage.

Because we have determined that Scott Stowell's injury arose "out of the business pursuits of an insured," coverage is excluded, and we need not address the defendant's argument that coverage exists for the intervenor's action against the defendant based on his negligent failure to supervise his son.

*Reversed.*

All concurred.