Hillsborough
No. 81-368

ROYAL GLOBE INSURANCE COMPANIES

v.

JOHN A. GRAF, ADM'R & a.

December 8, 1982

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Michael C. Harvell* on the brief and orally), for the defendant Commercial Union Assurance Company.

BATCHELDER, J. This is an appeal of a declaratory judgment action under RSA 491:22 brought by Royal Globe Insurance Companies (Royal Globe) to determine coverage on a wrongful death action. The Master's (*Perkins*, J., Ret.) report approved by the Trial Court (*Bean*, J.) found primary coverage under the defendant Commercial Union Assurance Company (Commercial Union) policy and ordered Commercial Union to provide a defense and satisfy any judgment rendered in favor of John A. Graf, administrator, against Process Engineering, Inc. We affirm in part and reverse in part.

On April 27, 1977, Sylvester Cecil was fatally injured on the premises of Process Engineering, Inc., in Plaistow, New Hampshire, while in its employ. John A. Graf was appointed administrator of the decedent's estate and brought a wrongful death action against Process Engineering, Inc. The writ was dated April 17, 1978.

In *Ransmeier v. Camp Cody, Inc.*, 117 N.H. 736, 378 A.2d 752 (1977), a wrongful death action brought by an administrator was not barred by the version of the workmen's compensation statute in effect prior to June 27, 1978, RSA 281:12, which presumed the waiver of other legal remedies (*e.g.*, a wrongful death action) because that statute applied only to the employee, not to his spouse or legal representative. Although a 1978 amendment to the statute now bars actions by an employee's spouse and legal representative, *see* RSA 281:12 (Supp. 1981), the action brought by Graf is not barred because there is no manifestation of legislative intent to

apply the amendment retroactively. *See Cummings v. Bostwick*, 481 F. Supp. 1251, 1254 (D.N.H. 1980).

At the time of the accident, Process Engineering, Inc., was the named insured in two policies of insurance, a general liability policy issued by Royal Globe and an aggregate excess workmen's compensation and employer's liability policy issued by Commercial Union. Commercial Union's policy provided, in part, that Process Engineering, Inc. was a self-insurer up to $153,000 and that the coverage limit was $2,000,000. Both insurance companies claim that the other's policy provides primary coverage based, in part, upon certain exclusions in the respective policies.

Central to this controversy are the exclusionary provisions in each insurance policy. First, the master found that Commercial Union's employer's liability policy, exempting coverage for "any obligation for which the reinsured [self-insurer] may be held liable under the workmen's compensation . . . law . . . or under any similar law," was inapplicable because this wrongful death action by the administrator did not arise under the workmen's compensation law. We agree. The above-mentioned exclusion is barred, because this cause of action does not arise under the workmen's compensation law and, therefore, the exclusion does not operate on these facts to relieve Commercial Union from its obligation.

The insured employer also had a Royal Globe policy in effect. The policy was a "Comprehensive General Liability Insurance" policy, obligating Royal Globe to pay for damages caused by bodily injury "to which the insurance applies . . . ." There are two relevant exclusions to this policy. Section (j) provides an exclusion for any "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured . . . ." Section (i) excludes coverage for workmen's compensation.

This court has had occasion to interpret the exclusions in a general liability policy in another case. In *Royal Globe Ins. Co. v. Poirier*, 120 N.H. 422, 415 A.2d 882 (1980), we concluded that "[t]he objective of this exclusionary clause is to avoid duplication of coverage with respect to the subject matters covered by a standard 'Workmen's Compensation and Employer's Liability Policy.' " *Id.* at 427, 415 A.2d at 885. Therefore, we held that the exclusion did "no more than exclude from liability coverage those damages that are compensable under a workmen's compensation policy." *Royal Globe Ins. Co. v. Poirier*, 120 N.H. at 428, 415 A.2d at 886. On this basis, the master found that Commercial Union's coverage of up to $2,000,000 for a $300,000 ad damnum was sufficient and granted declaratory judgment in favor of Royal Globe.

■■ The master's recommendation that Commercial Union was to "provide a defense and to satisfy any judgment or verdict to the extent of its policy" is reversed. The Commercial Union policy explicitly states that the company is not pledging to assume the defense of any claim. While this court will resolve ambiguities in an insurance policy in favor of the insured, we will not force an ambiguity merely to resolve it against the insurer. *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 764, 435 A.2d 507, 509 (1981). Therefore, we reverse only so far as the master's decree orders Commercial Union to defend.

■ Finally, Commercial Union has asserted that its obligation to indemnify Process Engineering, Inc. does not arise until payments are actually made by the insured. We do not accept this assertion. RSA 412:1 invalidates any provision "making, or purporting to make, the pre-payment [by the insured] of any judgment that may be recovered against the assured upon any claim covered by the policy a condition precedent to any right of action against the insurer upon said policy . . . ." Accordingly, we find prepayment not required under these circumstances.

For the reasons set forth previously, we hold: (1) Commercial Union is primarily liable for any judgment which exceeds $153,000, the amount for which Process Engineering, Inc. has assumed responsibility as a self-insurer; (2) Royal Globe, although secondarily liable because its general liability policy provides coverage to the extent that Commercial Union's employers' liability policy is insufficient, is entitled to declaratory judgment because the Commercial Union's policy limit of $2,000,000 on a claim of $300,000 is sufficient; (3) Commercial Union's policy does not require it to provide a defense; and (4) payment by the insured is not a prerequisite to indemnification.

*Affirmed in part; reversed in part.*

All concurred.