Belknap
No. 82-395

LACONIA ROD & GUN CLUB

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY & a.

March 24, 1983

*Snierson, Chandler & McKean*, of Laconia (*Edgar D. McKean, III*, on the brief, and *John P. Chandler* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the defendant Hartford Accident and Indemnity Company.

The defendant Alberta Johnson filed no brief.

KING, C.J. This is a petition for declaratory judgment brought by the plaintiff, Laconia Rod & Gun Club (club), against the defendant Hartford Accident and Indemnity Company (Hartford), seeking a determination that Hartford is obligated to defend an action brought against the club by the defendant Alberta Johnson for injuries she sustained when she was a patron of the club.

In her suit against the club, Alberta Johnson alleged that on November 9, 1979, the club breached a common-law duty to her by serving alcoholic beverages to her until she became exceedingly intoxicated, and by allowing her to leave the premises without knowing whether she was properly escorted. She claims that as a result of this breach of duty, she fell and was injured upon leaving the club.

On the date of the accident, a commercial liability insurance policy issued by Hartford to the club was in effect. This policy provided insurance coverage for liability for bodily injury, but contained the following exclusion:

"Exclusions
This insurance does not apply:

. . . .

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes,
if such liability is imposed
(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above . . . ."

The club requested that Hartford enter an appearance in the Johnson action, but Hartford stated that no coverage was afforded

for the injuries incurred, because the policy excluded coverage for this type of liability, and refused to defend the action.

The issue of coverage was submitted to the superior court on an agreed statement of facts and was referred to a master. The Master (*Robert A. Carignan*, Esq.) held that exclusion (h) in the policy operated to exclude coverage to the club for Johnson's accident, and recommended that judgment be entered for Hartford. The Superior Court (*DiClerico*, J.) approved the master's recommendation, and the plaintiff appealed. We reverse.

Under New Hampshire law, the burden of proving that no insurance coverage exists is on the insurer. RSA 491:22-a (Supp. 1979); *see Town of Epping v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. 248, 252, 444 A.2d 496, 498 (1982). In this case, Hartford has the burden of proving that the policy in question provided no coverage for the club.

The final interpretation of an insurance policy is for this court. *Connolly v. Galvin*, 120 N.H. 219, 221, 412 A.2d 428, 429 (1980). This court previously construed an exclusion identical to exclusion (h) in *New Hampshire Insurance Co. v. Hillwinds Inn, Inc.*, 117 N.H. 350, 373 A.2d 354 (1977). In *Hillwinds*, we held that the exclusion in the policy at issue excluded coverage of a suit brought by the estate of a pedestrian against the inn for serving alcoholic beverages to a customer, until she was intoxicated, who, while operating a motor vehicle, caused the death of the pedestrian. *Id.* at 351, 373 A.2d at 355. We noted that the exclusion was "more or less standard language in *tavern and saloon* general liability policies, and is generally recognized as accomplishing the result [an exclusion of coverage] for which the New Hampshire Insurance Company contends." *Id.* at 351–52, 373 A.2d at 355 (emphasis added).

The plaintiff claims that *Hillwinds* is distinguishable. It argues that exclusion (h) is inapplicable to it because it is not "in the business of" selling or serving alcoholic beverages, as used in section (1) of the exclusion, because it did not make a profit on the beverages, as would a tavern.

A clause is ambiguous when the contracting parties reasonably differ as to its meaning. *Commercial Union Assurance Cos. v. Town of Derry*, 118 N.H. 469, 471, 387 A.2d 1171, 1172 (1978). If a clause in an insurance policy is ambiguous, we will interpret the clause in favor of the insured and against the insurer. *Town of Epping v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. at 252, 444 A.2d at 498. However, we will not find that a clause is ambiguous

simply to resolve the ambiguity against an insurer. *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 764, 435 A.2d 507, 509 (1981). As we stated in *Robbins:*

"The ambiguity rule . . . will not be applied so as to create coverage where it is clear that none is intended. In determining whether an ambiguity exists, we will look to the claimed ambiguity, consider it in its appropriate context, and construe the words used according to their plain, ordinary and popular definitions."

*Id.* at 764, 435 A.2d at 509; *see Royal Globe Insurance Cos. v. Graf,* 122 N.H. 978, 981, 453 A.2d 1262, 1264 (1982).

In the present case, the meaning of the phrase "in the business of" as used in section (1) of exclusion (h) is ambiguous. Because the parties have failed to provide us with a full copy of the insurance policy, we do not know whether the phrase "in the business of" is defined within the policy itself. Corpus Juris Secundum states that the word "business" can be used in two senses. It can be used in a broad sense to mean any regular activity that occupies one's time and attention, with or without a direct profit objective, or it can be used more narrowly to mean an activity with a direct profit objective. 12A C.J.S. *Business*, at 464–65 (1980). Because the phrase "in the business of" as used in this policy is ambiguous, we must interpret it in favor of the club and hold that the club is not "in the business of" selling or serving alcoholic beverages.

Because we so interpret this clause, it is clear that exclusion (h) does not apply to exclude coverage of the underlying suit. Section (2) of the exclusion does not operate to exclude coverage because the final clause of the exclusion provides that the exclusion does not apply when the liability of the owner of property is not based on the violation of a statute, ordinance, or regulation pertaining to alcoholic beverages. Because of our resolution of these issues, we need not address the plaintiff's other arguments.

*Reversed.*

All concurred