Rockingham
No. 82-482

STATE FARM AUTOMOBILE INSURANCE COMPANY

v.

JOYCE CABUZZI & a.

June 17, 1983

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, and *Karen L. Heller* on the brief, and *Mr. Rehnborg* orally), for the plaintiff.

*Charles A. Giordano* and *James P. McMahon*, of Lowell, Massachusetts (*Mr. Giordano* and *Mr. McMahon* on the brief, and *Mr. McMahon* orally), for the defendants.

DOUGLAS, J. The plaintiff, State Farm Automobile Insurance Company, brought this petition for declaratory judgment for a determination of its obligation to provide uninsured motorist coverage under the policies of Joseph Cabuzzi, who died in an automobile accident in Acapulco, Mexico. The Superior Court (*Bean*, J.) approved a Master's (*Mayland H. Morse, Jr.*, Esq.) recommendation that the plaintiff be obligated to provide uninsured motorist coverage. We reverse.

The parties submitted the case to the court below on an agreed statement of facts. On September 15, 1978, the decedent and his wife, Joyce Cabuzzi, rented a 1976 Volkswagen automobile in Acapulco, Mexico. While the decedent was driving the rented car with his wife riding as a passenger, their vehicle was involved in an accident with another vehicle operated by an uninsured individual. The decedent died as a result of the accident, and his wife sustained personal injuries.

At the time of the accident, the plaintiff insurance company had in effect two automobile insurance policies in the decedent's name, which were identical insofar as concerns this case. Each policy provided uninsured motorist coverage in the amount of $25,000 per person and $50,000 per accident; medical payments coverage was provided in the amount of $1,000.

Pursuant to a demand for payment by the decedent's wife, both in her individual capacity and as the administratrix of her husband's estate, the plaintiff paid $2,000 under the medical payments provisions of the two policies. Thereafter, the plaintiff claimed that it had erroneously made the $2,000 payment because the location of the accident was beyond the territorial limitation of the policies. The plaintiff demanded that the $2,000 be returned, but the defendant consistently has refused to do so. Relying upon the same rationale

that Acapulco, Mexico was not within the territorial limit of the policies, the insurer also refused to make payments under the uninsured motorist coverage.

On October 7, 1980, the plaintiff instituted this declaratory judgment action to determine whether either the terms of the policies or the provisions of the New Hampshire Financial Responsibility Act, RSA chapter 264, obligated the insurer to provide uninsured motorist coverage to the decedent's wife and estate. The plaintiff also sought determination of the maximum limit of coverage in the event it was obligated to provide coverage, and of whether it was entitled to reimbursement of the $2,000 medical payment.

On October 4, 1982, the master recommended that the plaintiff be found obligated, by statute and by construction of the policies, to provide uninsured motorist coverage up to $25,000 each to the decedent's wife and to his estate. He also found that the $2,000 medical payment need not be returned to the plaintiff. On October 7, 1982, the superior court approved the master's recommendations, and the plaintiff then pursued this appeal.

█. Contrary to the master's conclusion, nothing in RSA chapter 264 obligates the plaintiff to provide uninsured motorist coverage for the accident occurring in Acapulco, Mexico. RSA 264:15, I provides that any automobile insurance policy issued in New Hampshire must provide uninsured motorist coverage that is *at least* coextensive with "the amounts or limits" of mandated liability coverage. All automobile liability policies, such as the policies in this case, must provide minimum liability coverage and extend to accidents occurring within the United States and Canada. RSA 259:61. We therefore disagree with the master that "[t]he provisions of RSA 264:15 . . . are . . . silent as to territorial limitations."

█ Furthermore, the master's reliance upon *Gay v. Preferred Mutual Insurance Company*, 114 N.H. 11, 314 A.2d 644 (1974), in construing the statute, is misplaced. We stated there that:

"We can see no persuasive reason why a New Hampshire motorist should be entitled to less coverage against uninsured automobiles beyond the boundaries of this State than within them, and therefore hold that the [insured] is not barred from recovery because of the geographical situs of the accident."

*Id.* at 15, 314 A.2d at 646. Consequently, this court determined that the same minimum uninsured motorist coverage would be available both within and without New Hampshire. The accident in the *Gay* case, however, occurred in Massachusetts, within the mandatory

territorial limitations then, and now, in effect; namely, the United States and Canada. The fact that we said the mandatory minimum uninsured motorist coverage was the *same* everywhere within the geographical limit of the financial-responsibility statute does not compel the conclusion that greater coverage will be imposed upon the plaintiff by requiring it to insure against accidents *outside* the statutory territorial limitation. We hold that the master erred in finding that the plaintiff is obligated by the financial-responsibility statute to provide uninsured motorist coverage for the accident in Acapulco, Mexico.

 Nor do we agree with the master that uninsured motorist coverage is provided under the policies in this case. Certain well-established rules of construction aid us in reaching this conclusion. The final interpretation of an insurance policy is for this court. *Metropolitan Prop. & Liab. Ins. Co. v. Cote*, 122 N.H. 832, 835, 451 A.2d 388, 390 (1981); *Connolly v. Galvin*, 120 N.H. 219, 221, 412 A.2d 428, 429 (1980). While ambiguities in the policy will be resolved in favor of the insured, *Town of Epping v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. 248, 252, 444 A.2d 496, 498 (1982); *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 762, 435 A.2d 507, 509 (1981), we will not force an ambiguity merely to resolve it against the insurer. *Royal Globe Ins. Co.'s v. Graf*, 122 N.H. 978, 981, 453 A.2d 1262, 1264 (1982). Thus, generally where the policy terms are clear and unambiguous, an insured may not reasonably expect coverage. *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. at 762–63, 435 A.2d at 509.

 The uninsured motorist coverage at issue in this case is contained in Coverage U of the policies, the "Family Protection Coverage" endorsement. The declaration page on the front of the decedent's policies clearly lists Coverage U as providing the uninsured motorist coverage of $25,000 per person and $50,000 per accident. The territorial limitation provision governing Coverage U expressly limits the endorsement to accidents occurring within the United States and Canada, and we find no ambiguity which would lead a policyholder reasonably to expect that the uninsured motorist coverage under the decedent's policies would extend to Acapulco, Mexico.

We turn next to the plaintiff's final argument, that the master erred in finding that the defendants were not obligated to return the $2,000 medical payment. As mentioned above, the plaintiff claims it made this payment mistakenly, before realizing that the policies contained no medical payments coverage for the Acapulco, Mexico accident. The master based his recommendation primarily upon the plaintiff's own initial misinterpretation of the geographical scope of

the medical payments coverage. We cannot find such significance in this inadvertent payment as to override the clear and unambiguous language of the policies.

■ Coverage under Section I of the policies, which contains the medical payments provision, is expressly limited to the United States, Canada, and *Mexico within fifty miles of the American border.* Because the accident occurred in Acapulco, which is approximately 600 miles south of the United States-Mexico boundary, it would clearly fall outside the territorial limits of the policies. Notwithstanding the plaintiff's own initial misreading of the policies, we hold that the insured could not reasonably expect coverage to extend to Acapulco.

■ We agree with the defendants, however, that the presentation of the medical-payments issue in the plaintiff's declaratory judgment action was limited to the territorial extent of the coverage. Whether the plaintiff is estopped from demanding the return of the $2,000, based on the defendants' detrimental reliance upon the payment, is not properly before this court because of the limited context in which the payment issue was presented before the master. Consequently, our holding here does not bar further litigation of the issue of detrimental reliance, and we leave that question for resolution in the plaintiff's pending action against the defendants to recoup the $2,000 payment.

*Reversed.*

BATCHELDER, J., did not sit; the others concurred.