Rockingham
No. 87-012

PAULINE F. THONE & a.

v.

RUTH CAIRO AND AETNA CASUALTY AND SURETY COMPANY

December 7, 1987

*Cullity, Kelley & McDowell,* of Manchester (*Joseph F. McDowell, III,* and *Sean P. Gill* on the brief, and *Mr. McDowell* orally), for the plaintiffs, Pauline F. Thone, Administratrix, and Shirley Souther, Administratrix.

*Ouellette, Hallisey, Dibble & Tanguay P.A.,* of Dover (*Stephen H. Roberts* on the brief and orally), for the defendant Aetna Casualty and Surety Company.

BATCHELDER, J. This is an appeal by the defendant insurance company from a summary judgment granted to the plaintiffs in a declaratory judgment action, finding coverage under a homeowner's policy. We reverse.

Ruth Cairo, the defendant insured in this action, owned real estate abutting the easterly limit of Lafayette Road in Seabrook on August 10, 1982, the date of the accident giving rise to this litigation. The real estate comprising the defendant's holdings consisted of two parcels conveyed to Ruth and John Cairo by separate conveyances from George F. Eld, Jr. The first parcel was conveyed in September 1967, and consisted of a little over a half

acre. The second parcel, which abuts the first parcel on two sides, was substantially greater in area, consisting of several acres, and was conveyed in August 1973. The Cairos built their residence on the small parcel they had originally purchased. Mrs. Cairo was an executive officer in a small closely held corporation, Rockingham Fireworks Corporation (Rockingham Fireworks), which had leased the second tract from Mrs. Cairo. On August 10, 1982, there was an explosion of substantial magnitude resulting from an occurrence on the property under lease to Rockingham Fireworks. The force of the explosion caused the deaths of the plaintiffs' decedents as well as death and injuries to other persons. The leased property was enclosed by a fence, and Mrs. Cairo on the date of the accident resided in her home on the adjoining lot.

The plaintiffs, representing the estates of the decedents, filed a lawsuit against Mrs. Cairo alleging negligence, first, as a landowner and, second, as an executive officer of Rockingham Fireworks. Mrs. Cairo's insurer, defendant Aetna Casualty and Surety Company (Aetna), denied coverage under her homeowner's policy on either count. Mrs. Cairo did not challenge Aetna's decision, but the plaintiffs did by filing a petition for declaratory judgment to determine Aetna's obligations under the homeowner's policy. Following motions for summary judgment filed by both parties, the Superior Court (*Gray*, J.) approved a recommendation of the Master (*Charles T. Gallagher*, Esq.) that Aetna was not obligated to defend Mrs. Cairo as an executive officer of Rockingham Fireworks, but was obligated to defend Mrs. Cairo as a landowner. Upon granting Aetna's motion for clarification, the master upheld the original decision, and the Superior Court (*Nadeau*, J.) affirmed.

The focus of this appeal is determining whether the coverage under Mrs. Cairo's homeowner's policy, which was issued by Aetna after the purchase of the residence lot, extends to an adjoining lot purchased at a later date and subsequently leased to a small closely held corporation in which Mrs. Cairo is an executive officer.

■ "Summary judgment procedure allows a final judgment to be entered when there is no genuine issue of material fact requiring a formal trial." *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264, 266 (1977). In this case, the superior court, approving the master's recommendation, determined that there was no genuine issue as to whether Aetna was obligated to defend Mrs. Cairo as a landowner because "the description of the premises in the policy is unambiguous and sufficiently general to include the premises

adjoining the residence which were leased to [Rockingham Fireworks]."

■ "The final interpretation of an insurance policy is for this court." *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co.,* 123 N.H. 179, 182, 459 A.2d 249, 250 (1983). The interpretation of Mrs. Cairo's homeowner's policy turns on the definition of "insured premises" because one of the exclusions under Section II provides that the policy does not apply "to bodily injury or property damages arising out of any premises, other than an insured premises, owned, rented or controlled by any Insured . . . ." The definition of "insured premises" is found under a separate section as follows:

### "ADDITIONAL POLICY CONDITIONS
### MANDATORY ENDORSEMENT

It is agreed that the following provisions apply with respect to the insurance afforded under this policy.

A. Under GENERAL CONDITIONS

8. Definitions: Paragraph b, 'insured premises' is amended to read as follows:

b. 'insured premises' means

(1) the residence premises described in the Declarations of this policy, and

(2) under Section II [Coverages and Exclusions] only:

(a) any other residence premises specifically named in this policy;

(b) all other premises and private approaches thereto for use of the Named Insured or his spouse in connection with the residence premises;

(c) any residence premises acquired by the Named Insured or his spouse during the term of this policy;

(d) any premises which are not owned by any Insured but where an insured may be temporarily residing;

(e) vacant land, other than farm land, owned by or rented to any insured; and

(f) individual or family cemetery plots or burial vaults."

The residence described under the Declaration of Mrs. Cairo's policy is "Lafayette Rd. Seabrook NH." This address applies to both Mrs. Cairo's home and the location of Rockingham Fireworks; nonetheless, it is obvious that both lots are not used as Mrs. Cairo's residence. Moreover, the lot which Rockingham Fireworks leased cannot be considered as additional to, or in connection with, the residence premises; therefore, subparagraphs (2)(a), (b), (c) and (d) do not apply. Finally, because the lot is neither vacant nor used as a cemetery, subparagraphs (2)(e) and (f) do not apply.

The master stated that, if Rockingham Fireworks had not existed on the adjoining lot, "it would be difficult to say that the lot was not a part of the residence premises [and further stated that it was not] logical to exclude those parts of the adjoining lot which might be used in connection with the residence but not involved in the fireworks enterprise."

█ █ If we follow the master's interpretation, we would be extending the homeowner's policy coverage to premises leased for any purpose, so long as there were parts "not involved" with the lessee's activities. Had Mrs. Cairo leased the adjoining lot to another person to use for residential purposes, we do not think the plaintiffs would be here today asking for coverage under Mrs. Cairo's homeowner's policy, but would rather seek coverage under the lessee's insurance policy. We will not construe a policy "to create coverage where it is clear that none is intended." *Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 764, 435 A.2d 507, 509 (1981); *see also Town of Epping v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. 248, 444 A.2d 496 (1982).

The summary judgment is reversed and the case is remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

THAYER, J., did not sit; the others concurred.