Merrimack
No. 88-238

RICHARD CURTIS AND CHERYLE GUERIN,
PARENTS AND NEXT FRIENDS OF JENNIFER CURTIS

v.

GUARANTY TRUST LIFE INSURANCE COMPANY

November 13, 1989

*Upton, Sanders & Smith*, of Concord (*John K. McDonald* on the brief and orally), for the plaintiffs.

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Mark T. Broth* on the brief and orally), for the defendant.

THAYER, J.   This action to recover insurance proceeds is before us on appeal from an order of the Superior Court (*Manias*, J.) granting the defendant's motion for summary judgment and denying that of the plaintiffs. For the reasons that follow, we affirm.

On September 14, 1985, Richard Curtis and Cheryle Guerin purchased insurance coverage for their daughter, Jennifer. The parties agree that the plaintiffs paid the requisite premium for Plan One, Twenty-four Hour Accident Coverage, which was offered through the Concord School District by the defendant, Guaranty Trust Life Insurance Company (Guaranty Trust). Roughly one year later, on September 1, 1986, nine-year-old Jennifer Curtis was

injured when struck by an unattended car, which initially had been parked at the top of the family driveway. Evidently, the car's braking mechanism failed and the slope of the driveway, in conjunction with the forces of gravity, caused the vehicle to roll down the incline of the driveway where it hit and injured Jennifer. The car's engine was not running at the time of the accident.

Richard Curtis submitted a claim for Jennifer's medical expenses to Guaranty Trust, which subsequently denied coverage based on the belief, as stated in its form letter, that her "policy exclude[d] benefit for expense resulting from: injuries sustained as a result of . . . *being struck by* any conveyance or vehicle propelled by an engine or motor." (Emphasis in original.) Dissatisfied with Guaranty Trust's refusal to provide coverage, Jennifer's parents brought suit in the superior court, alleging that Guaranty Trust had breached the terms of the student accident insurance policy in effect at the time of Jennifer's injury.

Although the defendant agreed that, absent the exclusionary language currently in dispute, the insurance policy would have covered Jennifer's medical expenses, the parties disagreed as to the proper interpretation of the subject exclusion. The plaintiffs argued that the exclusion was ambiguous in that it appeared to exclude coverage for accidents involving motor vehicles, while at the same time appearing not to exclude coverage for accidents caused by motor vehicles when not propelled by engines or motors. In the alternative, they argued that the exclusion did not apply in their case because the runaway car was not propelled by motor at the time of the accident. The defendant, on the other hand, claimed that the plain language of the exclusionary provision excluded coverage if a motor vehicle was involved, that the language at issue was employed in order to broaden the scope of the exclusion to include more than just automobiles, and that a reasonable insured, reading the exclusion, would understand it to apply in this case.

The matter was heard on cross-motions for summary judgment. By order dated May 24, 1988, the trial court granted the defendant's motion and ruled, as a matter of law, that the relevant policy exclusion was not ambiguous. In concluding that it was perfectly clear from the language used that the policy did not provide medical coverage for Jennifer's injuries, the court found that the mere fact the vehicle at issue, although normally propelled by an engine or motor, was propelled by gravity at the time of the accident, had no bearing on whether or not the exclusion applied.

The plaintiffs now appeal from the adverse decision of the trial court, relying on the same arguments made below; *i.e.*, that the exclusionary provision is ambiguous and, alternatively, that it does not apply given the unique factual scenario of the present controversy. It is well settled that this court "has no jurisdiction over questions of fact determined in the superior court by a presiding judge, our function being only to consider whether there is any evidence from which the court below could draw its conclusions." *V & V Corp. v. American Policyholders' Ins. Co.*, 127 N.H. 372, 379, 500 A.2d 695, 700 (1985). In the case of insurance contracts, however, although the trial court is free to interpret policies and make findings of fact relative to ambiguity, *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 170, 551 A.2d 962, 972 (1988), final interpretation of the language in an insurance policy is a question of law, one left to this court to decide, *Thone v. Cairo*, 130 N.H. 157, 159, 536 A.2d 183, 184 (1987). Therefore, it is ultimately for this court to determine whether or not the exclusionary language is ambiguous and whether or not the plaintiffs could reasonably expect insurance coverage for the injuries that resulted from their daughter's accident.

Issues pertaining to insurance policies and their interpretation have been much litigated. In our earlier cases we recognized "the right of an insurer to contractually limit the extent of its liability," *American Policyholders' Ins. Co. v. Smith*, 120 N.H. 202, 205, 412 A.2d 749, 751 (1980), holding that it must do so "through 'clear and unambiguous policy language.'" *State Farm Mut. Auto. Ins. Co. v. Desfosses*, 130 N.H. 260, 264, 536 A.2d 205, 208 (1987) (quoting *Cacavas v. Maine Bonding & Casualty Co.*, 128 N.H. 204, 208, 512 A.2d 423, 425 (1986)). Furthermore, the law of this State provides that an ambiguous policy provision must "be construed in favor of the insured and against the insurer." *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771–72, 423 A.2d 980, 985 (1980); *see also Desfosses, supra* at 263, 536 A.2d at 208; *Haley v. Allstate Ins. Co.*, 129 N.H. 512, 514, 529 A.2d 394, 396 (1987); *Cacavas, supra* at 207, 512 A.2d at 425. It is important to note, however, that "this is not a rule of general applicability to all coverage cases but will apply only in cases of ambiguity in policy language." *Trombly, supra* at 772, 423 A.2d at 985. Finally, under New Hampshire law, the burden of proving that no insurance coverage exists rests squarely with the insurer. *Laconia Rod & Gun Club v. Hartford Acc. & Indemn. Co.*, 123 N.H. 179, 182, 459 A.2d 249, 250 (1983); *see also Robbins Auto Parts, Inc. v. Granite State Ins. Co.*, 121 N.H. 760, 762, 435 A.2d 507, 509 (1981); RSA 491:22-a (1983).

With the above discussion in mind, we now turn our attention to the specific exclusionary provision at issue and the particular facts of this case. The relevant provision of the exclusion rider clearly provides that the

"Policy does not cover injury resulting from:

. . .

6. Riding in; riding on; entering into; mounting; alighting from; being struck by any vehicle or device propelled by an engine or motor."

Although the plaintiffs did not receive a copy of the actual policy issued to the Concord School District by Guaranty Trust, they were given an illustration of the Student Accident Insurance Policy, which described, in summary fashion, the coverages available to them under the policy. The parties agree that the exclusion section set forth in the illustration is virtually identical to that delineated in the actual policy, and that the minor textual differences that do exist are not legally significant. We, therefore, focus our inquiry on the language contained within the black-bordered section of the illustration entitled "Exclusions." Subpart (i) provides in relevant part that "under THE 24–HOUR Plan, injuries sustained as the result of riding in or upon, entering into or mounting, alighting from or being struck by any conveyance or vehicle propelled by an engine or motor," are excluded from coverage. The plaintiffs complain that the language "being struck by any conveyance or vehicle propelled by an engine or motor" is ambiguous, and that a reasonable person in their position would not understand the provision to deny coverage in this case.

"We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Haley, supra* at 514, 529 A.2d at 396. Therefore, "[p]olicy language means what a reasonable person would construe it to mean, and policy terms can create ambiguity as to coverage only when the parties may reasonably differ about their interpretation." *City of Manchester v. General Reinsurance Corp.*, 127 N.H. 806, 809, 508 A.2d 1063, 1065 (1986) (citations omitted); *see also Amica Mut. Ins. Co. v. Morrison*, 130 N.H. 250, 252, 536 A.2d 199, 200 (1987). Simply put, "'the court will honor the reasonable expectations of the policyholder' in determining the amount of coverage." *Cacavas, supra* at 207, 512 A.2d at 425 (quoting *Andrews v. Nationwide Mut. Ins. Co.*, 124 N.H. 148, 153, 467 A.2d 254, 258 (1983)); *see also Amica Mut. Ins. Co., supra* at 252, 536 A.2d at 200.

◼ "In determining whether an ambiguity exists, we . . . look to the claimed ambiguity, consider it in its appropriate context, and construe the words used according to their plain, ordinary, and popular definitions." *Robbins Auto Parts, Inc.*, 121 N.H. at 764, 435 A.2d at 509; *see also Gelinas*, 131 N.H. at 171, 551 A.2d at 972. We look at the policy as a whole. *Amica Mut. Ins. Co., supra* at 252, 536 A.2d at 200. In so doing in this case, it is obvious to the court that the exclusion applies. The phrase, "any conveyance or vehicle propelled by an engine or motor," does not modify only the immediately preceding phrase "being struck by" but, rather, modifies each of the preceding phrases. Therefore, the exclusion covers injuries sustained as the result of riding in or upon any conveyance or vehicle propelled by an engine or motor, entering into or mounting any conveyance or vehicle propelled by an engine or motor, alighting from any conveyance or vehicle propelled by an engine or motor, or being struck by any conveyance or vehicle propelled by an engine or motor. The plaintiffs argue that the phrase "propelled by an engine or motor" describes the *state* of the conveyance or vehicle at the moment of the accident. They contend in their brief that, in order for the exclusion to apply, "the engine must be propelling the vehicle *at the time it strikes the insured.*" (Emphasis added.)

The trial court was not persuaded by this argument, and neither are we. Clearly, the language "propelled by an engine or motor" is definitional in nature, employed to broaden the scope of the exclusion to include more than just automobiles yet exclude bicycles, skateboards and other non-motorized vehicles. In addition, any other interpretation of the clause would inevitably lead to absurd results. For instance, were it otherwise, the exclusion would apply in situations where an injury is sustained as the result of getting into or out of a moving car when the clutch is engaged and the engine is running, but would not apply in similar situations when the moving car's clutch is disengaged or the motor is not running. We cannot reach such an illogical result, and no reasonable insured could possibly interpret the provision so as to reach this conclusion.

◼ "We will not . . . create an ambiguity simply to resolve it against the insurer." *Haley*, 129 N.H. at 514, 529 A.2d at 396; *see also Laconia Rod & Gun Club*, 123 N.H. at 182–83, 459 A.2d at 251; *Royal Globe Ins. Co.'s v. Graf*, 122 N.H. 978, 981, 453 A.2d 1262, 1264 (1982). Furthermore, the *Trombly* rule "will not be applied so as to create coverage where it is clear that none [was] intended." *Robbins, supra* at 764, 435 A.2d at 509, *quoted in Thone,*

130 N.H. at 160, 536 A.2d at 185. The plaintiffs have attempted to create an ambiguity where none exists, but where as here, "the policy terms are clear and unambiguous, an insured may not reasonably expect coverage." *State Farm Auto. Ins. Co. v. Cabuzzi*, 123 N.H. 451, 455, 462 A.2d 129, 131 (1983).

We conclude that in this case the policy language is "so clear as to create no ambiguity which might affect the insured's reasonable expectations." *Cacavas*, 128 N.H. at 208, 512 A.2d at 425. Because we hold that the language of the exclusion is unambiguous, and further hold that a reasonable insured would understand that the subject exclusion would apply in this case, the order of the trial court is affirmed.

*Affirmed.*

All concurred.