Rockingham
No. 2008-759

COLONY INSURANCE COMPANY

v.

DOVER INDOOR CLIMBING GYM & a.

Argued: March 18, 2009
Opinion Issued: April 24, 2009

*Wiggin & Nourie, P.A.*, of Manchester (*Doreen F. Connor* on the brief and orally), for the plaintiff.

*Mallory & Friedman, PLLC*, of Concord (*Mark L. Mallory* on the brief and orally), for defendant, Dover Indoor Climbing Gym.

*Shaheen & Gordon, P.A.*, of Dover, for defendant, Richard Bigelow, filed no brief.

DUGGAN, J. The plaintiff, Colony Insurance Company (Colony), appeals an order of the Superior Court (*McHugh*, J.) denying its motion for summary judgment and granting that of the defendants, Dover Indoor Climbing Gym (the gym) and Richard Bigelow. We reverse and remand.

The trial court found, or the record supports, the following facts. Colony issued a commercial general liability insurance policy to the gym, which was in effect from January 5, 2007, to January 5, 2008. An endorsement to the policy stated: "All 'participants' shall be required to sign a waiver or release of liability in your favor prior to engaging in any 'climbing activity.'" It further stated: "Failure to conform to this warranty will render this policy null and void as [*sic*] those claims brought against you."

On August 14, 2007, Bigelow accompanied friends to the climbing gym, but did not sign a waiver. He testified that he was never asked to sign a waiver; the gym owner's affidavit stated that the owner asked the group of climbers if they had waivers on file and received no negative answers. It is undisputed, however, that Bigelow did not sign a waiver or release. While climbing, Bigelow fell and sustained serious injuries. The gym then put Colony on notice to defend and pay any verdict obtained by Bigelow. In response, Colony filed a petition for declaratory judgment, arguing that the gym's failure to obtain a release from Bigelow absolved Colony of any duty to defend or indemnify the gym.

Both Colony and the defendants filed motions for summary judgment, which the trial court addressed in a written order. The trial court found that Colony's failure to provide the gym with a sample waiver rendered the endorsement provision ambiguous. The trial court therefore denied Colony's motion for summary judgment, and granted the defendants' cross-motion for summary judgment. This appeal followed.

On appeal, Colony argues that the trial court erred in finding that the endorsement was ambiguous, and contends that the gym's failure to obtain a waiver from Bigelow renders the policy inapplicable as to his claims. Alternatively, Colony argues that even if the endorsement is ambiguous, the gym is not entitled to coverage because it had actual knowledge of the policy's waiver requirement.

In reviewing the trial court's grant or denial of summary judgment, we consider the evidence, and all inferences properly drawn from it, in the light most favorable to the non-moving party. *Everitt v. Gen. Elec. Co.*, 156 N.H. 202, 208 (2007); *Sintros v. Hamon*, 148 N.H. 478, 480 (2002). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. *Everitt*, 156 N.H. at 209; *Sintros*, 148 N.H. at 480. We review the trial court's application of the law to the facts *de novo*. *Everitt*, 156 N.H. at 209; *Sintros*, 148 N.H. at 480.

The interpretation of insurance policy language is a question of law for this court to decide. *Godbout v. Lloyd's Ins. Syndicates*, 150 N.H. 103, 105 (2003). We construe the language of an insurance policy as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole. *Id.* Policy terms are construed objectively, and where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning. *Id.* We need not examine the parties' reasonable expectations of coverage when a policy is clear and unambiguous; absent ambiguity, our search for the parties' intent is limited to the words of the policy. *Id.*

In this case, the gym argues that the policy is ambiguous and Colony maintains that it is not. The burden of proving that no insurance coverage exists rests squarely with the insurer. *Curtis v. Guaranty Trust Life Ins. Co.*, 132 N.H. 337, 340 (1989); *see* RSA 491:22-a (1997). Although an insurer has a right to contractually limit the extent of its liability, it must do so "through clear and unambiguous policy language." *Id.* (quotation omitted). Ambiguity exists if "reasonable disagreement between contracting parties" leads to at least two interpretations of the language. *Int'l Surplus Lines Ins. Co. v. Mfgs. & Merchants Mut. Ins. Co.*, 140 N.H. 15, 20 (1995); *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771 (1980). In determining whether an ambiguity exists, we will look to the claimed ambiguity, consider it in its appropriate context, and construe the words used according to their plain, ordinary, and popular definitions. *Int'l Surplus*, 140 N.H. at 20. If one of the reasonable meanings of the language favors the policyholder, the ambiguity will be construed against the insurer. *Id.* Where, however, the policy language is clear, this court "will not

perform amazing feats of linguistic gymnastics to find a purported ambiguity" simply to construe the policy against the insurer and create coverage where it is clear that none was intended. *Hudson v. Farm Family Mut. Ins. Co.*, 142 N.H. 144, 147 (1997); *Curtis*, 132 N.H. at 342.

The trial court found that the endorsement requiring waivers is ambiguous because Colony did not provide the gym with a sample waiver. Even the gym, however, contends that the trial court "reached the correct result for the wrong reasons." Thus, the gym does not argue that the endorsement creates an ambiguity by its failure to provide the insured with a sample waiver form, but, rather, that the exclusionary language is ambiguous because it states that participants shall "be required" to sign waivers as opposed to mandating that the gym obtain signed waivers. Under this interpretation, the gym argues, a reasonable person would believe that coverage exists so long as the gym has a policy of requiring waivers regardless of whether it actually obtained waivers from climbing participants. Colony argues that the policy language is unambiguous. We agree with Colony.

The clear meaning of the policy language is that the gym is required to actually obtain waivers from climbing participants. The gym's interpretation would lead to the absurd result of requiring coverage even if the gym never actually enforced its waiver policy. A reasonable person reading the policy would not understand that coverage existed in such circumstances. The gym's interpretation is unreasonably narrow, and is therefore not the type of alternative interpretation that renders policy language ambiguous. *See Curtis*, 132 N.H. at 342 (refusing to find ambiguity when alternate interpretations would "inevitably lead to absurd results"). To construe the exclusion against the insurer here would create coverage where it is clear that none was intended. We therefore conclude that the policy language is unambiguous and that a reasonable insured would understand that the exclusion would apply in this case.

Because the policy requires the gym to obtain waivers from all participants, the failure to do so in the case of Bigelow renders coverage under the policy inapplicable to his claims. In light of our holding, we need not address Colony's remaining argument. We therefore reverse the order of the trial court granting the defendants' motion for summary judgment, and hold that Colony is entitled to summary judgment as a matter of law.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, J., concurred.