Cheshire,
No. 5960.

JEANNETTE S. CHAKALOS, *Adm'x*

*v.*

THE PHOENIX INSURANCE CO.

June 30, 1970.

*Peter S. Espiefs* ( by brief and orally ), for the plaintiff.

*Faulkner, Plaut, Hanna & Zimmerman* ( *Mr. N. Michael Plaut* orally ), for the defendant.

DUNCAN, J.   By her petition for declaratory judgment the plaintiff seeks a determination of the rights and liabilities of the parties under a contract of insurance styled a " Family Combination Automobile Policy, " which the defendant issued to the father of the plaintiff's intestate, and which was in full force and effect on August 23, 1968. On that date the decedent Ellene A. Chakalos, age fifteen, was fatally injured when a motorcycle upon which she was a passenger left the road in Keene. The stipulation of the parties establishes that the operator of the motorcycle, a minor, was the owner and operator of an uninsured motor vehicle within the meaning of RSA 268 : 15 - a ( supp. ). The liability provisions of the defendant's policy afforded coverage with respect to a 1966 Ford automobile owned by Ellene's father, which was in no way involved in the accident.

The questions of law presented by the pleadings, the stipulation

of the parties, and the exhibits were reserved and transferred by *Morris,* J., without ruling.

The policy issued by the defendant consists of four parts, the first of which is headed " Part I - Liability, " and the fourth of which bears the heading " Part IV - Family Protection Coverage. " Parts II and III which related to " Expenses for Medical Services " and " Physical Damage " are not material here. The policy bears a " Statutory Motor Vehicle Liability Policy Endorsement " which provides in part that the policy " is a Motor Vehicle Liability Policy " as defined by statute, " and all policy provisions required . . . are hereby expressly incorporated in the policy by reference. "

Part I of the policy provided the coverage against liability to others required by RSA 268 : 15 ( supp ). By this part of the policy the decedent was expressly made an insured " with respect to the owned automobile, " belonging to her father, since she was at the time of her injury a " resident of the same household. " As to a " non - owned automobile, " however, the policy provided that she was an insured " only with respect to a private passenger automobile or trailer, " which under a definition applicable to this part of the policy did not include a motorcycle, because not a " four - wheel . . . automobile. "

The defendant concedes that under Part IV of the policy, the decedent was an insured. By this part of the policy, the defendant undertook to pay all sums which the insured would be " legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . arising out of . . . use of such uninsured automobile . . . "; and for purposes of this part of the policy, an " insured " was defined to include " any relative " of the named insured. While the definition of an " uninsured automobile " in Part IV of the policy differed from the definition of an insured " automobile " under Part I, the differences are not decisive of the issues transferred.

We hold that the defendant is required by the provisions of RSA ch. 268 to respond in damages to the plaintiff's claim. The controlling statutory provision in effect at the time of the accident was Laws of 1967, 284 : 2, effective August 26, 1967. This statute inserted a new section, RSA 268 : 15 - a, which provided in subsection I in part as follows: " No policy shall be issued or delivered in this state, under the provisions of section 15, with respect to a motor vehicle . . . registered in this state unless coverage is provided *therein* . . . in amounts . . . prescribed for bodily

injury or death for a liability policy under this chapter, . . . for the protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, . . . including death resulting therefrom." (Emphasis added). *See* RSA 268:15-a (supp.).

Section 15, (RSA 268:15) as amended by the same 1967 statute prohibited the issue of a motor vehicle policy " as defined in section 1" unless it contained "an agreement that insurance is provided in accordance with and subject to the provisions of this chapter." Laws 1967, 284:1. Section 1 (RSA 268:1) contained the definition of a "Motor Vehicle Liability Policy" in the same form in which it now appears in RSA 268:1 (VII).

Thus the defendant was required by section 15-a, (Laws 1967, 284:2), to furnish uninsured motorist coverage to any person insured under a policy issued under the provisions of section 15 of the act. Since the defendant's policy was issued under section 15, and since the decedent by the terms of Parts I and IV of the policy, was a person insured under the "policy . . . issued . . . . under the provisions of section 15," the plaintiff is entitled to the protection sought.

The defendant's argument to the contrary is based upon the hypotheses that the decedent was not an insured under the liability provisions of Part I of the policy, and that the requirements of the 1967 amendment relate only to a person insured under a liability policy, so that the decedent was not entitled to the protection required by the 1967 amendment even though she was an insured under Part IV of the policy. This argument cannot be accepted, first, because we find that the decedent was an insured under Part I of the policy by its express terms; and second, because we consider that the word "thereunder" in the statutory phrase "for the protection of persons insured thereunder," like the word "therein" which precedes it, refers back to the subject of the sentence, namely the "policy," rather than to the words "liability policy under this chapter," used merely in specifying the limits of coverage to be provided. RSA 268:15-a (supp.).

In view of our interpretation of the statute, it is unnecessary to determine whether a motorcycle is an "uninsured automobile" as defined by Part IV of the defendant's policy. The statute required the defendant to furnish uninsured motorist coverage against bodily injury and death arising out of the operation of

"uninsured motor vehicles" ( RSA 268:15-a ( supp. ) and the statutory definition of "motor vehicle" included a motorcycle. RSA 268:1( IX ). *See Am. Mut. &c. Ins. Co.* v. *Chaput,* 95 N.H. 200, 60 A.2d 118; *Hartford &c. Ind. Co.* v. *Come,* 100 N.H. 177, 123 A.2d 267.

It follows that a declaratory judgment should be entered in favor of the plaintiff.

*Judgment for the plaintiff.*

All concurred.