Coos,
No. 5990.

FIREMAN'S FUND INSURANCE COMPANY

*v.*

CARL RICHARD LaCROIX *& a.*

June 30, 1970.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* ( *Mr. Orcutt* orally ), for the plaintiff.

*Bergeron & Hanson* for defendant Leo W. Lariviere, Administrator of the Estate of Sylvia Lariviere.

*Hinkley & Donovan* ( *Mr. Walter D. Hinkley* orally ), as amicus curiae, pro se.

The remaining defendants filed no briefs.

LAMPRON, J. Petition for declaratory judgment brought by the plaintiff against Carl Richard LaCroix, Henry J. LaCroix, Leo W. Lariviere, Administrator of the Estate of Sylvia Lariviere, and Eugene LeClerc. On November 9, 1966, Carl, minor son of Henry and a member of his household, operating with the permission and consent of Eugene LeClerc a motorcycle owned by the latter, was in a collision with Sylvia Lariviere which resulted in her death. LeClerc had no liability insurance covering his motor-cycle. Henry LaCroix was then insured by the plaintiff under a " Family Automobile Policy " covering a 1962 Mercury Meteor. The issue presented is whether this policy furnishes coverage for the son Carl in the action brought against him by the estate

of Sylvia Lariviere resulting from his operation of the LeClerc motorcycle. The matter was submitted to the Trial Court ( *Morris, J.* ) on an agreed statement of facts and all questions of law raised were reserved and transferred to this court.

Under Part 1 of its policy, plaintiff agreed to pay on behalf of the insured for bodily injury and property damage arising out of the " use of the owned automobile or any non-owned automobile. " However, the policy provided, in so far as is material here, that the persons insured with respect to a non-owned automobile were ( 1 ) the named insured, ( 2 ) any relative, but only with respect to a private passenger automobile. The latter is defined in the policy as " a four wheel private passenger, station wagon or jeep type automobile. " The defendants properly do not contend that these provisions as such provide coverage for a minor son of the named insured who is a resident of his household while he is operating a non-owned motorcycle. *Chakalos* v. *Phoenix Insurance Co.,* 110 N.H. 321, 267 A.2d 573.

Part 1 of plaintiff's policy also provides that the above described coverage shall comply with the provisions of any motor vehicle financial responsibility law to the extent of the coverage and the limits required by that law. Under " Conditions " the policy provides that: " Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes. "

Defendants properly point out that to comply with our motor vehicle responsibility law ( RSA ch. 268 ), a policy must afford the required indemnity for the operation of a " motor vehicle " which is defined in part as " any self-propelled vehicle not operated exclusively upon stationary tracks . . . . " RSA 268:1 ( VII ), ( IX ). They also correctly maintain that, in *Hartford & c. Ind. Co.* v. *Come,* 100 N.H. 177, 123 A.2d 267, this court held that in a policy furnished to meet the requirements of the law, the word " automobile ", in a policy exclusion of " any automobile owned by the named insured, " must be construed as " motor vehicle " which by statutory definition includes a motorcycle. From these premises, defendants conclude that the policy provision limiting the coverage of a relative as to a non-owned automobile to a private passenger automobile is in conflict with our financial responsibility statute. They further conclude that in accordance with that law the policy coverage should be interpreted as applying to a non-owned motor vehicle and include the motorcycle in question.

If the "Motor Vehicle Liability Policy" defined in RSA ch. 268 required that coverage be provided to a relative of the insured with respect to a non-owned automobile, the above argument would be convincing. RSA 268:1 (VII), 15, 16. *See Chakalos* v. *Phoenix Insurance Co.,* 110 N.H. 321, 267 A.2d 573. However, the protection required by that statute is not without limits. *Hardware &c. Cas. Co.* v. *Tobyne,* 98 N.H. 318, 322, 100 A.2d 419, 421; *Merchants & c. Cas. Co.* v. *Tuttle,* 98 N.H. 349, 354, 101 A.2d 262, 265. As to a non-owned automobile the required coverage is limited to the named insured, his spouse, chauffeur or servant. RSA 268:1 (VII) (b). *Farm Bureau & c. Ins. Co.* v. *Garland,* 100 N.H. 351, 354, 126 A.2d 246, 249. It follows that the argument of the defendants bottomed on the statutory requirements of coverage is inapposite. *MacDonald* v. *Hardware Cas. Co.,* 105 N.H. 458, 461, 462, 202 A.2d 489, 491.

We hold that the plaintiff Fireman's Fund is not required to furnish coverage for Carl Richard LaCroix or to defend or pay any judgment in the action brought against him by the estate of Sylvia Lariviere.

*Judgment for the plaintiff.*

All concurred.