Hillsborough
No. 7469

GEORGE SOULE

v.

STUYVESANT INSURANCE COMPANY

September 30, 1976

*Craig, Wenners, Craig & McDowell (Mr. Joseph F. McDowell III* orally) for the plaintiff.

*Augustine J. McDonough* and *John P. Shea (Mr. Shea* orally) for the defendant.

GRIFFITH, J.   This is a petition for declaratory judgment seeking the benefits of uninsured motorist coverage in a policy issued by the defendant for a nonphysical contact accident with an unknown car. The Trial Court *(Cann,* J.) granted defendant's motion to dismiss and reserved and transferred plaintiff's exception.

According to the agreed statement of facts, on July 30, 1973, plaintiff was riding his motorcycle southerly on Mammoth Road in Hooksett approaching the road's intersection with Hale Avenue. Plaintiff alleges that an automobile made a left-hand turn into Mammoth Road forcing him to swerve his motorcycle to avoid a collision. The motorcycle tipped over causing personal in-

juries to the plaintiff. The automobile continued on without stopping and the identity of the driver and the vehicle are unknown. Plaintiff also alleges that a disinterested witness observed the accident.

The defendant denied uninsured motorist coverage because of a provision in the plaintiff's insurance policy which defines a "hit-and-run automobile" as "an automobile which causes bodily injury to an insured arising out of *physical contact* with the insured or with an automobile which insured is occupying at the time of the accident." (Emphasis added.) Because the parties agree there was no physical contact in the accident in this case, the unambiguous terms of the policy preclude any claim by the plaintiff unless the policy terms provide less coverage than that required by RSA 268:15-a (Supp. 1975). *Charest v. Union Mut. Ins. Co.,* 113 N.H. 683, 686, 313 A.2d 407, 409 (1973).

The plaintiff argues that the defendant's limitation of its liability in hit-and-run cases by a requirement of physical contact is an unreasonable restriction of the compulsory coverage mandated by RSA 268:15-a (Supp. 1975), which provides in pertinent part as follows: "No policy shall be issued or delivered in this state ... with respect to a motor vehicle ... registered in this state unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured motor vehicles ... and hit-and-run motor vehicles ... because of bodily injury, sickness or disease, including death resulting therefrom." For the reasons that follow, we have concluded that the contention of the plaintiff should prevail.

The compulsory uninsured motorist protection required by RSA 268:15-a (Supp. 1975) is designed to compensate persons in automobile accidents from losses which would otherwise go uncompensated because of the tort-feasor's lack of liability coverage or because of the tort-feasor's unknown identity. *Gay v. Preferred Risk Mut. Ins. Co.,* 114 N.H. 11, 314 A.2d 644 (1974); *Charest v. Union Mut. Ins.,* 113 N.H. 683, 313 A.2d 407 (1973); *Raitt v. National Grange Mut. Ins. Co.,* 111 N.H. 397, 285 A.2d 799 (1971). Policy provisions designed to reduce the coverage to less than that prescribed by the express or implied provisions of the statute are void. *Peerless Ins. Co. v. Vigue,* 115 N.H. 492, 345 A.2d 399 (1975).

The New Hampshire Legislature chose not to insert a physical contact requirement into RSA 268:15-a (Supp. 1975) as has been done in some jurisdictions. *See* Annot., 25 A.L.R.3d 1299, § 3 (a)

(1969). Instead our statute mandates compulsory coverage to "all persons who are legally entitled to recover damages" from uninsured motorists and hit-and-run drivers. The statute thus extends coverage to all accidents caused by uninsured motorists or hit-and-run motorists without any requirement of physical contact. It follows that defendant's policy requirement of physical contact is an impermissible restriction of coverage unless the phrase "hit-and-run" itself limits coverage to cases involving physical contact.

The defendant urges us to adopt an interpretation of the statute that ascribes to the phrase "hit-and-run" an intention to limit required statutory coverage to accidents involving physical contact with "hit-and-run" automobiles. The defendant points out that the word "hit" is synonymous with physical contact and therefore a "hit-and-run" vechicle must refer to a vehicle that has had physical contact with the insured. *Ferega v. State Farm Mut. Auto. Ins.,* 58 Ill. 2d 109, 317 N.E.2d 550 (1974); *Prosk v. Allstate Ins. Co.,* 82 Ill. App. 2d 457, 226 N.E.2d 498 (1967) and *Hendricks v. Guaranty Co.,* 5 N.C. App. 181, 167 S.E.2d 876 (1969), which are cited by the defendant, accepted this approach and held that the policy provisions did not conflict with compulsory statutory coverage. We cannot adopt this interpretation, and note at the outset that, if it were correct, the definition defendant inserted in its policy would be superfluous.

The fallacy in interpreting the phrase from the literal meaning of the word "hit" lies in the fact that it ignores the commonly accepted meaning of the entire phrase. "In a majority of jurisdictions, statutes have been enacted imposing a duty upon an individual operating or in control of a motor vehicle involved in an accident causing personal injury or property damage, to stop, give certain information, and to render aid to those who have been injured. [These are] [f]amiliarly known as "hit-and-run statutes...." Annot., 23 A.L.R.3d 497, 500 (1969); 61A C.J.S. *Motor Vehicles* § 674 (1) (1970); 7 Am. Jur. 2d *Automobiles and Highway Traffic* § 246 (1963). "The use of the term 'hit-and-run'... is synonymous with a car involved in an accident causing damages where the driver flees from the scene." *Hartford Accident v. Novak,* 83 Wash. 2d 576, 585, 520 P.2d 1368, 1374 (1974).

RSA 262-A:67 (Supp. 1975), as is the case with "hit-and-run" statutes generally, imposes its requirements on any motor vehicle operator who is "in any manner involved" in an accident, without reference to physical contact. The apparent intent of the phrase

598

"hit-and-run" driver under both statutes and defendant's attempted limitation of its statutory coverage to less than that required by RSA 268:15-a (Supp. 1975) is ineffective. A. Widiss, A Guide to Uninsured Motorist Coverage § 2.41 (1969).

*Plaintiff's exception sustained; remanded.*

All concurred.