Hillsborough
No. 79-016

ROGER BELIVEAU, ADMINISTRATOR OF THE
ESTATE OF RICHARD BELIVEAU

v.

NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY
AND
CONCORD GENERAL MUTUAL INSURANCE COMPANY

February 14, 1980

*Lemelin & Cloutier*, of Manchester (*Richard L. Rodman* orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*James W. Donchess* orally), for defendant Norfolk & Dedham Mutual Fire Insurance Company.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Paul R. Cox* orally), for defendant Concord General Mutual Insurance Company.

BROCK, J. This is a petition for declaratory judgment brought by Roger Beliveau to determine the validity of an exclusion in the uninsured motorist provisions of three automobile liability insurance policies. The Trial Court (*Wyman*, J.) held that the "household exclusion clause" applied to the facts agreed upon and was not repugnant to the State's uninsured motorist statute, RSA 268:15-a. We affirm.

Richard Beliveau, the plaintiff's son and member of his household, owned an Opel Cadet that was not insured. On March 30, 1976, while Richard was a passenger in his own vehicle, it collided with an automobile owned and operated by Douglas Sharp. As a result of this accident, Richard Beliveau suffered injuries that caused his death. . Neither Russell Remillard, the driver of Richard's vehicle, nor Sharp had automobile liability insurance coverage.

In this action, plaintiff alleges that his son's estate is entitled to payment under the uninsured motorist provisions of the three insurance policies that list the plaintiff or his business as the named insured. The first policy was issued by Norfolk and Dedham Mutual Fire Insurance Company to cover a dump truck used in plaintiff's construction business, and it is no longer at issue in this appeal. The remaining two policies provided basic automobile liability and property damage coverage, for separate automobiles owned by the plaintiff, and were both issued by Concord General Mutual Insurance Company (Concord General). They contain substantially similar uninsured motorist provisions. Under these policies the persons insured are "the named insured and . . . while residents of the same household, the spouse and relatives of either." Concord General claims, however, that its obligation to provide uninsured motorist coverage to plaintiff is limited by exclusions in each policy which plaintiff concedes generally provide that "[t]his insurance does not apply: . . . (b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured . . . or any relative resident in the same household . . . ."

■ The trial court ruled that this "exclusion denies coverage to Richard Beliveau." We have found nothing in the agreed statement of facts that would lead us to a different conclusion. "Absent statutory provisions or public policy to the contrary, insurers have a right to limit their liability by exclusions written in terms appropriate to convey their meaning and effect to a reasonable person in the position

of the insured." *Charest v. Union Mut. Ins. Co.*, 113 N.H. 683, 686, 313 A.2d 407, 409 (1973).

The question before us is whether the exclusion conflicts with this State's uninsured motorist statute. RSA 268:15-a I requires that:

> [n]o [liability insurance] policy shall be issued . . . in this state . . . with respect to a motor vehicle, . . . registered in this state unless coverage is provided . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury . . . including death.

Plaintiff contends that the phrase, "persons insured thereunder," encompasses relatives of the named insured who reside in his household while they are passengers in any vehicle, including an uninsured vehicle owned by a member of that household. Concord General takes the position that the statute does not require insurers to provide uninsured motorist coverage for such persons in all situations.

Plaintiff argues that the statute mandates coverage for " 'the protection of persons insured thereunder' . . . irrespective of the insured's proprietory and insurance interest in the vehicle he happens to be driving (or occupying)." *Vantine v. Aetna Casualty & Surety Co.*, 335 F. Supp. 1296, 1298 (N.D. Ind. 1971). Plaintiff contends that Concord General's exclusion impermissibly constricts the scope of coverage mandated by the statute. A majority of jurisdictions appear to have adopted the plaintiff's position. A. Widiss, A Guide to Uninsured Motorist Coverage § 2.9 (Supp. 1978). In many of those jurisdictions, however, the uninsured motorist statutes differ materially from ours. *See, e.g., Lowery v. State Farm Mutual Automobile Ins. Co.*, 285 So. 2d 767 (Miss. 1973); *Allstate Ins. Co. v. Meeks*, 207 Va. 897, 153 S.E.2d 222 (1967); *Touchette v. Northwestern Mutual Ins. Co.*, 80 Wash. 2d 327, 494 P.2d 479 (1972). The Mississippi statute at issue in *Lowery v. State Farm Mutual Automobile Ins. Co. supra* at 771, for example, defined "insured" as "the named insured and, while residents of the same household, the spouse of any such named insured, and the relatives of either, while in a motor vehicle or otherwise. . . ." Miss. Code Ann. § 83-11-103.

■ Plaintiff's argument would be more persuasive if our legislature had defined "insured" to include all relatives of the named insured while residents of the named insured's household. *See Fireman's Fund Ins. Co. v. LaCroix*, 110 N.H. 335, 266 A.2d 860

(1970). The New Hampshire statute does not specify persons for whom uninsured motorist coverage must be provided. Rather, "persons insured" refers to persons specified in the insurance policy. *Chakalos v. Phoenix Ins. Co.*, 110 N.H. 321, 323, 267 A.2d 573, 574 (1970). Where the legislature has wanted to require coverage for a specific class of persons, it has done so explicitly. *See* RSA 268:1 VII.

■ Concord General has chosen to provide uninsured motorist coverage to relatives living in the household of the named insured except when they are riding in uninsured vehicles owned by such household members. Nothing in the statute compels coverage beyond this. *Cf. Fireman's Ins. Co. v. LaCroix supra.*

Plaintiff argues that *Soule v. Stuyvesant Ins. Co.*, 116 N.H. 595, 364 A.2d 883 (1976), supports a decision in his favor. In that case, we held an uninsured motorist endorsement requiring physical contact in hit-and-run accidents invalid under RSA 268:15-a. We found that the exclusion was "an unreasonable restriction" on the statutory scope of coverage. *Id.* at 596, 364 A.2d at 884. The exclusion eliminated insurance protection for a large group of insured persons who had no control over whether the accident giving rise to their injuries involved physical contact. On the other hand, the coverage mandated by the statute is not without limits. *Charest v. Union Mut. Ins. Co. supra.* In *Charest*, we upheld as valid an exclusion eliminating uninsured motorist coverage, under RSA 268:15-a if the insured chose, without the insurer's consent, to make settlement or obtain a judgment against the person liable. It is arguable that because Richard Beliveau himself had control over the decision of whether or not to obtain the coverage now requested, the present case more closely parallels *Charest* than it does *Soule*. Plaintiff's reliance on *Soule* is therefore misplaced.

The statute mandates that all automobile liability policies include uninsured motorist coverage. In that sense, uninsured motorist coverage is vehicle related. *See Employers' Fire Ins. Co. v. Baker*, 383 A.2d 1005 (R.I. 1978). The legislature has not designed an insurance scheme that compensates one uninsured motorist for injuries caused by another uninsured motorist. *Id.* Automobile owners who wish to provide themselves with uninsured motorist coverage in all situations can obtain that coverage by insuring the vehicles they own. The legislature has not made automobile liability insurance compulsory. *See, e.g.*, House bill 813, 3 House Record 1811 (April 24, 1979). The choice whether to purchase insurance lies squarely with the individual vehicle owner. Richard Beliveau elected not to purchase insurance for his own vehicle.

We hold that the household exclusion clause in the uninsured motorist provisions of this policy as applied to an owner-occupant of an uninsured vehicle is not repugnant to RSA 268:15-a.

*Exceptions overruled.*

KING, J., did not sit; the others concurred.