Hillsborough
No. 87-201

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

PAUL B. DESFOSSES

December 31, 1987

*Law Offices of Kenneth G. Bouchard P.A.*, of Manchester (*Paul B. Kleinman* on the brief, and *Mark L. Mallory* orally), for the plaintiff.

*Emile R. Bussiere P.A.*, of Manchester (*Emile R. Bussiere* and *Richard J. Walsh* on the brief, and *Mr. Bussiere* orally), for the defendant.

BROCK, C.J.   This is an appeal from a decision of the Superior Court (*Goode*, J.), holding *sua sponte* that the plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), waived its right to contest uninsured motorist (UM) coverage because it failed to stay an arbitrator's award of damages to the defendant, Paul B. Desfosses (Desfosses), in the total amount of UM coverage in dispute. For the reasons that follow, we do not address the issue

of waiver, but rather, limit ourselves to the inter-policy stacking issue and hold that the ambiguity contained in the exclusionary clause gives rise to stacking the UM coverage of the two policies involved. We therefore affirm the trial court's decision.

On February 16, 1982, Desfosses was involved in an automobile accident with an underinsured motorist in Middleboro, Massachusetts. As a result of this accident, Desfosses recovered ten thousand dollars ($10,000), the maximum available, from the other motorist's insurance carrier.

State Farm, at the time of the accident, provided insurance coverage, including UM coverage, for two automobiles owned by the defendant's father, Paul A. Desfosses. One of these vehicles was involved in the accident. The younger Desfosses was a member of his father's household at the time of the accident and was therefore an insured under his father's automobile insurance policies. Each vehicle was insured under a separate policy. Each UM coverage provision provided protection limits of $50,000 for damages arising out of bodily injury to any one person.

State Farm concedes its obligation, under the UM provision of the policy insuring the automobile involved in the accident, to provide coverage in the net amount of $40,000, the limits of coverage minus the $10,000 provided by the other driver's liability carrier. However, State Farm denies its obligation to afford additional UM coverage under the UM provision of its policy insuring the second automobile owned by Paul A. Desfosses.

The younger Desfosses subsequently presented a demand for arbitration to the American Arbitration Association (AAA), claiming coverage in an aggregate of $100,000 in uninsured motorist benefits under both policies. State Farm responded by filing a petition for declaratory judgment in the superior court, seeking to resolve the coverage dispute. Counsel for both parties agreed to proceed with the arbitration hearing notwithstanding the pending declaratory judgment action. The arbitration hearing resulted in an award of $100,000 damages to the defendant, the maximum amount potentially available to him under the two policies.

Desfosses then filed a motion in the superior court for judgment on the pleadings on the coverage dispute. The trial judge chose to treat the motion as one to confirm the arbitrator's award pursuant to RSA 542:8 and granted the motion. Following the denial of its motion for reconsideration, State Farm appealed, and requests that we address the issue raised in the original declaratory judgment

action relative to whether or not the two UM coverages should be stacked.

Both parties acknowledge that they agreed to proceed with arbitration, reserving the issue of coverage for later adjudication. Nonetheless, the trial court ruled that State Farm waived its right to contest coverage, and the issue of this waiver forms the basis of the first two issues raised on appeal. However, Desfosses, in his brief, states his willingness to concede any challenge to these first two issues in order to focus on the substantive issue between the parties—the stacking issue. Even if we found in favor of State Farm on the first two issues, this would still leave the stacking issue to be resolved. Therefore, we move directly to a consideration of the dispute regarding the extent of the UM coverage available.

The substantive issue, therefore, is whether Desfosses can stack his UM coverage, which is provided in two separate policies, one of which covers one of the vehicles involved in the accident. State Farm argues that our holding in *Beliveau v. Norfolk & Dedham Mutual Fire Insurance Co.*, 120 N.H. 73, 411 A.2d 1101 (1980), and our reliance on that holding in *Boucher v. Employers Mutual Casualty Co.*, 121 N.H. 524, 431 A.2d 137 (1981), requires that we uphold the exclusion in the policies that precludes inter-policy stacking. The exclusion in each policy is identical and states under section III (Uninsured Motorists Insurance), that the uninsured motorist coverage does not apply:

> "(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured, spouse or any relative of either, or through being struck by such an automobile[.]"

State Farm relies on its definition of an "insured automobile" in the policy to argue that no UM coverage is intended to be provided by the policy covering the Desfosses automobile not involved in the accident, notwithstanding that Desfosses is an insured under both policies. Moreover, State Farm argues, under a narrow reading of the policy, that an insured automobile is limited to one particular policy.

Desfosses responds that, notwithstanding *Beliveau,* this court's more recent decisions require the court to uphold the stacking of UM coverage. *Descoteaux v. Liberty Mut. Ins. Co.*, 125 N.H. 38, 480 A.2d 14 (1984); *Cacavas v. Maine Bonding & Casualty Co.*, 128 N.H. 204, 512 A.2d 423 (1986). In *Beliveau* we upheld a policy exclusion identical to the one at issue here under a "reasonable person in the position of the insured" standard. *Beliveau, supra* at 74–75, 411 A.2d at 1102. More recently, however, in *Cacavas,* the court

observed that the standard for interpreting policy language changed subsequent to our decisions in *Beliveau* and *Grimes v. Concord General Mutual Insurance Co.*, 120 N.H. 718, 422 A.2d 1312 (1980). *Cacavas, supra* at 207, 512 A.2d at 425.

██ The standard we have applied since those decisions is that "an ambiguous insurance policy will be construed in favor of the insured and against the insurer." *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771–72, 423 A.2d 980, 985 (1980); *see also Smith v. Liberty Mut. Ins. Co.*, 130 N.H. 117, 536 A.2d 164 (1987) (*Trombly* standard applied to ambiguity in corporate liability policy). This change requires that we take a fresh look at the exclusionary language used by State Farm in light of the *Trombly* standard. At issue is the definition of an "insured automobile." The policy defines an insured automobile, in pertinent part, as "an automobile described in the declarations and for which a specific premium charge indicates that this coverage is afforded." Desfosses' father insured one vehicle with State Farm and later requested that a second vehicle also be insured. State Farm issued a second insurance policy for the second vehicle.

The language of the policy exclusion at issue here has been considered by a number of other courts. In general, the exclusionary language has been upheld when specific reference to the policy, such as limiting language like "under this policy," has been employed by the insurer. *See, e.g., Hansen v. State Farm Mut. Auto. Ins. Co.*, 735 P.2d 974, 977 (Idaho 1987) (upholding "under this policy" exclusion language to prevent stacking of UM coverage); *Detroit Auto. Inter-Insurance Exchange v. McMillan*, 406 N.W.2d 232 (Mich. App. 1987) (upholding a detailed and specific exclusion and resolving the dispute against the stacking of the policies); *Adams v. Julius*, 719 S.W.2d 94, 98 (Mo. App. 1986) (exclusion limited an owned automobile to "one described in this policy"); *Krach v. Aetna Cas. and Sur. Co.*, 374 N.W.2d 40, 44 (Neb. 1985) (upholding the exclusion where it used "under this policy" language to reduce any ambiguity and where another exclusion defined an insured automobile as one described "in the policy").

The exclusionary language used in the policies in issue here is not as limiting as that in the above-cited cases. More limiting language, like that used to uphold similar policy exclusions in other jurisdictions, such as "declarations *of this policy*" or "insured automobile *under this policy*," could assist in doing away with the ambiguity created by the insurer's chosen language. This conclusion is consistent with the view taken by the majority of jurisdictions that have addressed the validity of an exclusion identical, or

at least similar, to the one used by State Farm. *See Hammon v. Farmers Ins. Group*, 692 P.2d 1202, 1208 n.8 (Idaho App. 1984).

Here, there is a reasonable ambiguity created in two instances. First, it is unclear whether the reference to "the declarations" describing an insured automobile is a reference to the single policy, as State Farm contends, or to both policies between Desfosses and State Farm; and second, it is unclear whether an "insured automobile," as referred to in the exception to the exclusion, includes both Desfosses vehicles insured by State Farm.

The standard for resolving a policy ambiguity, since *Trombly*, is a strict one. An ambiguity of the policy language will be construed against the insurer. Therefore, although we do not invalidate the policy exclusion, we conclude that the "declarations" and "insured automobile" language, as used in these policies, creates an ambiguity which *Trombly* requires be construed against State Farm.

Such a construction requires, under our case law, that the defendant be entitled to stack his UM coverage. *Descoteaux*, 125 N.H. at 45, 480 A.2d at 19; *see also Cacavas*, 128 N.H. at 207, 512 A.2d at 425. In *Descoteaux*, we stated that when an insured purchases additional UM coverage, he reasonably expects to be protected against uninsured motorists up to the amount for which he paid. *Descoteaux supra*. Absent clear and unambiguous language to the contrary, the fact, standing alone, that the additional coverage is provided by more than one policy should not undermine the insured's potential recovery. *Descoteaux supra*.

In *Cacavas*, we upheld intra-policy stacking on the ground that the language of the policy was ambiguous. *Cacavas supra*. By like reasoning, we hold that inter-policy stacking is permissible, where, as here, the ambiguity created by the language in the insurer's UM provision permits an interpretation that the aggregate policy limits of all applicable UM policies are available to satisfy the UM coverage claim.

As this court noted in *Cacavas*, the insurance company remains free to limit its liability through "clear and unambiguous policy language." *Cacavas*, 128 N.H. at 208, 512 A.2d at 425. However, such language must be so clear as to create no ambiguity which might affect the insured's reasonable expectations. *Id.*

*Affirmed.*

THAYER, J., did not sit; the others concurred.