NORMAN LIMOGES

v.

HORACE MANN INSURANCE COMPANY

July 24, 1991

*Wiggin & Nourie*, of Manchester (*Gary M. Burt* on the brief and orally), for the plaintiff.

*Bouchard & Mallory P.A.*, of Manchester (*Mark L. Mallory* on the brief and orally), for the defendant.

BROCK, C.J. In this declaratory judgment action, the defendant, Horace Mann Insurance Company (Horace Mann), appeals from a decree of the Superior Court (*Dalianis*, J.) requiring it to provide uninsured/underinsured motorist coverage to the plaintiff, Norman

Limoges, as a relative who was a resident of his father's household. On appeal, the defendant argues that the superior court erred in ruling (1) that the plaintiff was a resident of his father's household, and (2) that the household exclusions in the policies do not apply to bar coverage. For the reasons that follow, we affirm.

The incident giving rise to this action occurred on October 21, 1985, when the plaintiff was severely injured in a collision between the motorcycle he owned and was operating and a vehicle driven by another motorist. The plaintiff collected from the other motorist's liability insurer, underinsured motorist benefits from the insurer of the motorcycle, and benefits from the insurer of a vehicle owned by his mother. The plaintiff's father and mother are divorced and live in separate households.

The plaintiff commenced this action seeking to recover underinsured motorist benefits under his father's insurance policies on three vehicles and a motorcycle. Horace Mann denied coverage, asserting that the plaintiff was not a "relative resident" in his father's household, as required by the insurance policies. In the alternative, Horace Mann asserted that coverage is barred by the policies' household exclusion for claims arising from the operation of a motor vehicle not insured under the policy, but owned by the insured or a resident relative. The trial court ruled that the plaintiff was entitled to coverage, concluding that he was a "relative resident" in his father's household. The trial court also referred to the ruling in its previous order that the household exclusions did not apply. This reference appears to be inaccurate. In the previous order, the court did not rule that the exclusions were inapplicable, but, rather, concluded that they were valid and unambiguous. However, in the later order, the trial court granted the plaintiff's request for findings of fact and rulings of law that the exclusions were ambiguous.

On appeal, the defendant first asserts that the plaintiff did not live at his father's home on a regular or permanent basis and therefore cannot be considered a resident of his father's household. The plaintiff, on the other hand, claims that the insurance policies failed unambiguously to define "relative resident," and that the trial court properly found that he was a resident of his father's household.

■ "The appropriate scope of our review is whether the evidence does support the trial court's finding . . . ." *Holyoke Mutual Ins. Co. v. Carr*, 130 N.H. 698, 699, 546 A.2d 1070, 1071 (1988) (citations omitted). Whether or not individuals are members of the same household is determined by the facts of each case. *See id.* The trial court found that

the plaintiff had a room at his father's home where he kept clothes and personal belongings, and that he also received mail and telephone calls there. The court also found that the plaintiff and his father shared a close and intimate relationship and that the plaintiff's father provided him with financial support. Upon reading the policies and reviewing the record, we conclude that the trial court's finding was amply supported by the evidence. Horace Mann's argument that the plaintiff did not permanently dwell in his father's house and, therefore, was not a resident is without merit. The insurance policies contain no requirement that a family member must permanently dwell in the home in order to be considered a resident relative.

 The defendant's second argument on appeal is that the trial court erred in ruling that the "household exclusions" in the four policies do not apply to bar coverage. The "final interpretation of the language in an insurance policy is a question of law, one left to this court to decide," *Curtis v. Guaranty Trust Life Ins. Co.*, 132 N.H. 337, 340, 566 A.2d 176, 178 (1989), and "[w]e construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Haley v. Allstate Ins. Co.*, 129 N.H. 512, 514, 529 A.2d 394, 396 (1987). "'[A]n ambiguous insurance policy will be construed in favor of the insured and against the insurer.'" *State Farm Mut. Auto. Ins. Co. v. Desfosses*, 130 N.H. 260, 263, 536 A.2d 205, 207 (1987) (quoting *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771–72, 423 A.2d 980, 985 (1980)).

The "household exclusion" at issue in three of the policies reads:

"This insurance does not apply

. . .

b. to *bodily injury* to an *insured* while *occupying a motor vehicle* (other than an *insured motor vehicle*) owned by the *named insured,* any *designated insured* or any relative resident in the same household as the *named* or *designated insured,* or through being struck by such a vehicle, but this exclusion does not apply to the *named insured* or his relatives while *occupying* or if struck by a *motor vehicle* owned by a *designated insured* or his relatives . . . ."

(Emphasis in the original.)

The "household exclusion" contained in the fourth policy reads:

"This endorsement does not apply:

. . .

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a

named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by such an automobile, owned by an insured named in the schedule or his relatives . . . ."

The plaintiff asserts that it is unclear whether the references to "an insured motor vehicle" and "an insured automobile" in the parenthetical exceptions to the exclusions include the plaintiff's motorcycle, which is not insured under these four policies but is insured by a carrier other than Horace Mann. The defendant, on the other hand, argues that there is no ambiguity, and that the exclusions bar coverage because plaintiff was operating a motorcycle which was not insured under his father's policies with Horace Mann.

The term "insured motor vehicle" is defined, in part, in three of the policies as a motor vehicle "designated in the declarations of the policy as an *insured motor vehicle* to which the *bodily injury* liability coverage of the policy applies." (Emphasis in the original.) The term "insured automobile" is defined, in part, in the fourth policy as an automobile "described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies." We have previously addressed the validity of a similar policy exclusion in *State Farm Mutual Automobile Insurance Co. v. Desfosses*, 130 N.H. at 263–64, 536 A.2d at 207–08. In that case we found such language to be ambiguous as to which insurance policy was being referred to and ruled in favor of the insured. We also noted that an insurer could eliminate this ambiguity by inserting limiting language into the policy, such as "insured automobile *under this policy.*" See *id.*

■ Upon reading the policy and reviewing the record, we conclude that the language "declarations of the policy," "insured motor vehicle," "schedule," and "insured automobile," as used in the policies, create ambiguities as to whether or not vehicles insured under other policies are considered "insured." We will construe such ambiguities against Horace Mann. See *id.* at 264, 536 A.2d at 208; *Trombly v. Blue Cross/Blue Shield*, 120 N.H. at 771–72, 423 A.2d at 985. Accordingly, we affirm the trial court's ruling that the plaintiff is entitled to coverage.

*Affirmed.*

All concurred.