**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0542, <u>Roy E. Lavallee v. State Farm Mutual Automobile Insurance Company</u>, the court on May 11, 2016, issued the following order:**

Having considered the brief, memorandum of law, and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Roy E. Lavallee, appeals an order of the Superior Court (<u>Colburn</u>, J.) granting summary judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company (State Farm), in a declaratory judgment action in which the plaintiff sought uninsured motorist coverage in connection with a motor vehicle accident that occurred in November 2013. The plaintiff argues that, as a passenger in an uninsured vehicle, he is entitled to uninsured motorist coverage under motor vehicle liability insurance policies held by his girlfriend and issued to her by State Farm. We affirm.

This case requires us to construe New Hampshire's uninsured motorist statute, RSA 264:15, I (Supp. 2015), which provides, in pertinent part, that:

> no policy shall be issued . . . with respect to a vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto at least in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, for the protection of <u>persons insured thereunder</u> who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles.

(Emphasis added.)

The trial court recited the following facts. The plaintiff's girlfriend owned two motor vehicles, a Chevrolet Trailblazer and a Chevrolet Monte Carlo, which were both insured by State Farm motor vehicle liability insurance policies ("the policies"). The plaintiff was not a named insured on either policy.

In November 2013, the plaintiff was injured when he was a passenger in an uninsured vehicle that was involved in a collision with another vehicle. Neither vehicle was owned or operated by the plaintiff or his girlfriend, nor insured under the girlfriend's policies. Because the insurance coverage for the other involved vehicle was not sufficient to fully compensate the plaintiff for his injuries, he filed an uninsured motorist claim with State Farm seeking additional compensation. State Farm denied the plaintiff's claim.

The plaintiff subsequently filed a declaratory judgment action in superior court, arguing that, "while he is not a named insured or an insured pursuant to the definitional language of the policy, his status as an added driver makes him 'insured thereunder' as a matter of law" under RSA 264:15, I. (Quotations and brackets omitted.) The parties filed cross-motions for summary judgment. Although the parties agreed that the plaintiff was not a "named insured" and did not meet the definition of an "insured" under the policies, there was a factual dispute as to whether, on the date of the accident, the plaintiff was listed as a "Household Driver" or an "Assigned Driver" on either policy. (Quotations and emphases omitted.)

In ruling on the cross-motions for summary judgment, the trial court assumed, without deciding, "that the plaintiff was identified as a 'Household Driver' or an 'Assigned Driver' during the relevant time period." Nonetheless, the trial court concluded that the plaintiff is not entitled to uninsured motorist coverage, explaining that merely being listed as a "Household Driver" or an "Assigned Driver" on a motor vehicle liability insurance policy was insufficient to establish that he was a "person[] insured thereunder" for purposes of RSA 264:15, I. (Quotations omitted.) Consequently, the trial court granted State Farm's motion for summary judgment, and denied the plaintiff's cross-motion. This appeal followed.

On appeal, the plaintiff argues that he is a "person[] insured thereunder" for purposes of RSA 264:15, I, because, at the time of the accident, he was listed on the policies as a "[H]ousehold [D]river and/or an [A]ssigned [D]river," and an additional premium had been assessed by State Farm and paid. He argues, therefore, that he is entitled to uninsured motorist coverage. He also asserts that, because he was listed as a "[H]ousehold [D]river and/or an [A]ssigned [D]river" on the policies, and because State Farm failed to explicitly exclude him from coverage under the policies, he is entitled to uninsured motorist coverage.

As a preliminary matter, we note that the record before us is not sufficient to decide several issues that the plaintiff has raised on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (explaining that it is the burden of the appealing party to provide this court with a record sufficient to decide issues on appeal). The plaintiff has failed to provide us with the policies and renewals at issue, or any billing or payment information. Thus, we cannot determine whether the premiums increased as a result of the plaintiff being listed as a "Household Driver" or an "Assigned Driver," whether the increased premiums, if any, were paid, or whether any policy exclusions applied to the plaintiff. Moreover, the plaintiff has failed to demonstrate that he argued to the trial court that he is entitled to uninsured motorist coverage because State Farm failed to explicitly exclude him from coverage, or because State Farm increased the premiums. Therefore, we decline to address these arguments on appeal. See Maplevale Builders v. Town of Danville, 165 N.H.

2

99, 106-07 (2013) (declining to address issue because moving party "failed to provide us with a sufficient record to determine whether it presented its . . . argument to the trial court").

Accordingly, the sole question before us is whether the plaintiff — who purports to be listed on his girlfriend's policies as a "Household Driver" or an "Assigned Driver," and who acknowledges that he is not a named insured — is nevertheless a "person[] insured thereunder" pursuant to RSA 264:15, I, and, therefore, entitled to uninsured motorist coverage. Like the trial court, for the purposes of this analysis, we assume, without deciding, that the plaintiff was listed on the policies as a "Household Driver" or an "Assigned Driver" at the time of the accident.

"In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Am. Fed'n of Teachers – N.H. v. State of N.H., 167 N.H. 294, 300 (2015) (quotation omitted).

Resolving this issue requires us to engage in statutory interpretation. "The interpretation of a statute is a question of law, which we review de novo." State Employees' Assoc. of N.H. v. State of N.H., 161 N.H. 730, 738 (2011). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." Id. "We interpret statutes not in isolation, but in the context of the overall statutory scheme." Rivera v. Liberty Mut. Fire Ins. Co., 163 N.H. 603, 607 (2012). We "start with consideration of the plain meaning of the relevant statutes, construing them, where reasonably possible, to effectuate their underlying policies." Id.

The plaintiff argues that RSA 264:15, I, requires uninsured motorist coverage for persons listed as additional drivers on a motor vehicle liability insurance policy because those persons qualify as "persons insured thereunder" pursuant to the statute. RSA 264:15, I. The plaintiff further argues that the legislature deliberately used the term "persons insured thereunder" instead of "named insured" or "insureds" to broaden the scope of individuals who qualify for uninsured motorist coverage. (Quotations and emphases omitted.)

We have previously observed that "[u]ninsured motorist statutes are designed to provide an innocent victim a source of restitution when that injured party cannot recover the full amount of damages from the tortfeasor." Rivera, 163 N.H. at 607 (quotation omitted). "Such statutes have been liberally construed to accomplish their legislative purpose." Id. However, "[u]ninsured motorist coverage is not intended to be the only source of insurance for

3

individuals. Rather, it is designed to act in concert with already existing standard liability policies." Id. (quotation omitted). Moreover, "uninsured motorist coverage is vehicle related. The legislature has not designed an insurance scheme that compensates one uninsured motorist for injuries caused by another uninsured motorist." Beliveau v. Norfolk & Dedham Mut. Fire Ins. Co., 120 N.H. 73, 76 (1980) (citation omitted) (construing former statute). "Automobile owners who wish to provide themselves with uninsured motorist coverage in all situations can obtain that coverage by insuring the vehicles they own." Id.

RSA 264:15, I, requires that motor vehicle liability insurance policies provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or drivers of uninsured motor vehicles." (Emphasis added.) We have interpreted the phrase "persons insured thereunder" in RSA 264:15, I, as referring to "insured persons" as defined in the policy. See Rivera, 163 N.H. at 608 (stating that "'persons insured' refers to a person specified in the insurance policy"); see also Beliveau, 120 N.H. at 75-76 (construing "persons insured" in New Hampshire's former uninsured motorist statute as referring to "the named insured" under the policy). As we explained in Rivera, "[t]he language of [RSA 264:15, I] makes it clear that the [uninsured motorist] protection it requires extends only to persons who are afforded liability coverage under the policy at issue." Rivera, 163 N.H. at 611; see Raudonis v. Ins. Co. of North America, 137 N.H. 57, 61 (1993) (stating that RSA 264:15, I, "requires that a person who is an insured" under a motor vehicle liability insurance policy "also be covered under the policy's uninsured motorist section").

Thus, contrary to the plaintiff's argument, our cases establish that the phrase "persons insured thereunder" in RSA 264:15, I, does not expand uninsured motorist coverage to persons who are not insured under a given policy. See Rivera, 163 N.H. at 611. The plaintiff acknowledges that he was not a named insured and that he did not meet the definition of an insured under the policies. We therefore conclude that, pursuant to our decisions discussed above, the plaintiff is not a "person[] insured thereunder" for purposes of RSA 264:15, I. Accordingly, we hold that the trial court did not err when it concluded that the plaintiff was not entitled to uninsured motorist coverage.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

4