Hillsborough-southern judicial district
No. 2006-317

CLINT J. ST. ONGE

v.

DAVID R. MACDONALD

Argued: January 5, 2007
Opinion Issued: January 26, 2007

*Law Offices of Andrew D. Myers*, of Derry (*Andrew D. Myers* on the brief and orally), for the plaintiff.

*Desmarais, Ewing & Johnston, PLLC*, of Manchester (*Scott A. Ewing* and *Emily M. Doherty* on the brief, and *Mr. Ewing* orally), for the defendant.

GALWAY, J. The plaintiff, Clint J. St. Onge, appeals an order of the Trial Court (*Groff*, J.) granting summary judgment in favor of the defendant, David R. MacDonald, on the plaintiff's claim for negligent infliction of emotional distress. We affirm.

The trial court found, and the parties do not dispute, the following relevant facts. On August 6, 2000, the plaintiff was driving his motorcycle with his girlfriend, Cariann Christie MacDonald, as a passenger, while the defendant followed them in his car. At some point, the plaintiff's motorcycle left the roadway and crashed, causing MacDonald's death. In 2003, the plaintiff filed a suit claiming that the defendant's negligent operation of his vehicle caused the crash.

The plaintiff's suit included a claim for negligent infliction of emotional distress for his emotional harm at having observed MacDonald's death, and a claim for his own injuries. The defendant moved for summary judgment as to the emotional distress claim, which the trial court granted. The parties settled the plaintiff's personal injury claim prior to trial. The plaintiff now appeals the trial court's grant of summary judgment in favor of the defendant on his emotional distress claim.

While the plaintiff presents numerous questions for resolution, they all relate to a single inquiry: did the trial court err in determining that the plaintiff and MacDonald were not "closely related" so as to satisfy the requirements of *Graves v. Estabrook*, 149 N.H. 202 (2003), for bystander recovery in a negligent infliction of emotional distress claim? We hold that the trial court did not err.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Belanger v. MMG Ins. Co.*, 153 N.H. 584, 586 (2006). If no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

█ In New Hampshire, a bystander's claim for negligent infliction of emotional distress must meet the requirements set out in *Corso v. Merrill*, 119 N.H. 647 (1979). Under *Corso*, for the plaintiff to recover for his emotional harm at witnessing another's injury, he must show: (1) causal negligence of the defendant; (2) foreseeability; and (3) serious mental and emotional harm accompanied by objective physical symptoms. *O'Donnell v. HCA Health Servs. of N.H.*, 152 N.H. 608, 611 (2005). At issue here is the foreseeability requirement.

█ We employ the three-factor test set out in *Dillon v. Legg*, 441 P.2d 912 (Cal. 1968), to determine whether the harm was foreseeable. *Graves*, 149 N.H. at 204. That test requires the trial court to determine:

> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Id.* (quotation omitted). These factors are not a rigid framework, but are flexible and allow the courts, on a case-by-case basis, to decide what an ordinary person under the circumstances should reasonably have foreseen. *Id.* The third factor, regarding the relationship of the plaintiff and the victim, is the only issue on appeal.

█ In *Graves*, we held that the close relationship required by the *Dillon* test need not be one defined only by blood or marriage. *Graves*, 149 N.H.

at 206. Instead, we determined that a plaintiff must show a relationship that is of significant duration and which is deep, lasting and genuinely intimate, *i.e.*, a relationship that is stable, enduring, substantial, and mutually supportive, cemented by strong emotional bonds and providing a deep and pervasive emotional security. *Id.* at 209. When determining whether a plaintiff and a victim are "closely related," the trial court is to take into account: (1) the duration of the relationship; (2) the degree of mutual dependence; (3) the extent of common contributions to a life together; (4) the extent and quality of shared experience; (5) whether the plaintiff and the injured person were members of the same household; (6) their emotional reliance upon each other; (7) the particulars of their day-to-day relationship; and (8) the manner in which they related to each other in attending to life's mundane requirements. *Id.* at 209-10.

In *Graves*, we determined that the plaintiff had met the standard for alleging the existence of a sufficiently close relationship, in part, because she alleged that she and the decedent were engaged to be married and had lived together for more than seven years. *Id.* at 210. Construing all reasonable inferences in favor of the plaintiff, we determined that it was reasonable to infer that the plaintiff and her fiancé "enjoyed mutual dependence, common contributions to a life together, emotional reliance on each other and attended to life's mundane requirements together." *Id.*

Here, the trial court found that the plaintiff's relationship with MacDonald did not meet the requirements of *Graves*. According to the trial court, although the plaintiff and MacDonald had known each other prior to becoming romantically involved, they had only been dating for about five to six months. Also, the trial court found that although the plaintiff claimed that he and MacDonald had intended to marry or live together, at the time of her death they had not made either commitment. Therefore, the trial court found that, while "the plaintiff and [MacDonald] enjoyed some level of mutual dependence, common contributions to a life together, emotional reliance on each other and attended to some of life's mundane requirements together, it [could not] characterize their five to six month relationship as one in which the law provides a cause of action for the plaintiff against the defendant."

On appeal, the plaintiff argues that the trial court erred because the defendant presented the trial court with an insufficient record when moving for summary judgment, and that material facts were in dispute. Additionally, the plaintiff contends that the trial court misinterpreted *Graves* and thus erred as a matter of law.

Regarding the plaintiff's factual arguments, when rendering its decision, the trial court had before it the motions, depositions, affidavits and other pleadings submitted by both parties. Thus, any shortcomings in

the record provided by the defendant were remedied by the plaintiff's filings. Therefore, we do not agree that the trial court had an insufficient record upon which to rule.

As to the plaintiff's claim that material facts were in dispute, we also do not agree. There is no dispute that the plaintiff and MacDonald's relationship lasted for approximately five to six months. Likewise, there is no dispute that they had talked about marrying or living together at some undetermined time. Moreover, there is no dispute that the plaintiff and MacDonald were, to some degree, mutually dependent and emotionally reliant upon one another. In fact, during oral argument before this court, the defendant stated that he accepted as true all of the facts pled by the plaintiff regarding his relationship with MacDonald. Thus, there are no material facts in dispute.

The question is, therefore, whether the undisputed facts demonstrate, as a matter of law, a relationship sufficient to meet the requirements of *Graves*. As noted, we review the trial court's application of the law to the facts *de novo*. *Belanger*, 153 N.H. at 586. While we do not doubt that the plaintiff and MacDonald shared some degree of emotional reliance or mutual dependence, we hold that they were not "closely related" as the term is defined in *Graves*.

■ The plaintiff and MacDonald were involved in a relationship lasting approximately six months. In that brief time, they did not live together and had not married or become engaged, nor was there any prospect of them doing so for some time. Moreover, at the time of MacDonald's death, both she and the plaintiff were unemployed and living with their respective parents. Thus, they could not financially support each other, and it was unlikely that they could become members of the same household at any point in the foreseeable future, or that they could make any more than minimal contributions to a life together. Also, although the plaintiff contends that he and MacDonald met or spoke on the telephone frequently, and spent time dining out, camping or visiting relatives together, such interactions reveal little, if anything, about the particulars of their day-to-day relationship or the manner in which they related to each other in attending to life's mundane requirements. To extend *Graves* to include relationships such as the one between the plaintiff and MacDonald would invite a significant expansion of bystander liability in New Hampshire, a result we have consistently refused to permit. *Graves*, 149 N.H. at 205-06.

Construing all reasonable inferences in the plaintiff's favor, we agree with the trial court that the plaintiff and MacDonald were not, as a matter of law, "closely related" as the term is defined in *Graves*. Accordingly, we

conclude that the trial court did not improperly interpret *Graves* and we uphold the grant of summary judgment.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.