**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0412, <u>Dawnmarie Greenman v. Port City Nissan, Inc.</u>, the court on April 10, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Dawnmarie Greenman, appeals an order of the Superior Court (<u>Attorri</u>, J.) granting summary judgment to the defendant, Port City Nissan, Inc., on her negligent supervision claim. We affirm.

In reviewing a trial court's grant of summary judgment, we consider the parties' affidavits, other evidence, and all inferences properly drawn from them in the light most favorable to the nonmoving party. <u>St. Onge v. MacDonald</u>, 154 N.H. 768, 770 (2007). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. <u>Id</u>. We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

The plaintiff's negligent supervision claim rested upon her allegation that the defendant's sales manager observed an alleged assault by the defendant's employee and failed to intervene or otherwise prevent subsequent alleged assaults by the employee. The trial court determined that the defendant was entitled to summary judgment "because, no matter how it might be construed," the deposition testimony of the general manager "regarding the date on which he learned of Plaintiff's allegations cannot support a finding that [the sales manager] observed" the first of the alleged assaults. The trial court concluded that the plaintiff's reliance upon her speculation that the sales manager observed the first alleged assault was insufficient to defeat the defendant's summary judgment motion. <u>See</u> <u>Burnap v. Somersworth Sch. Dist.</u>, 172 N.H. 632, 636 (2019) (observing that granting summary judgment to the defendant "is appropriate if the plaintiff rests merely upon conclusory allegations, improbable inferences, and unsupported speculation" (quotation omitted)).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
